WICKER, Judge.
Joseph Sabathe, convicted of driving while intoxicated, third offense, a violation of La. R.S. 14:98(A), appeals his sentence. We affirm, for the reasons that follow.
Defendant was sentenced on July 17,1992, to five years at hard labor, the first two years to be served without benefit of parole, with credit for time served, and with the condition that the defendant submit to in-house substance abuse treatment while incarcerated and continue treatment if paroled. On appeal, this court affirmed that sentence, State v. Sabathe, 613 So.2d 710 (La.App. 5th Cir.1993), but the Supreme Court granted writs, stating:
Defendant’s sentence is vacated and the case is remanded to the district court for resentencing under La.C.Cr.P. art. 894.1, as amended by La.Aets 1991, No. 22, Sec. 1, eff. January 31, 1992. The record of sentencing neither demonstrates adequate compliance with La.C.Cr.P. art. 894.1, as amended, nor provides a factual basis for the imposition of a near-maximum term of imprisonment on the defendant. State v. Blue, 591 So.2d 1172 (La.1992).
State v. Sabathe, 617 So.2d 1176, 1177 (La.1993).
On remand, the district court sentenced the defendant to five years at hard labor with credit for time served. The defendant then filed this appeal.
In his first assignment of error, defendant contends the sentence was excessive. However, we find defendant is precluded from raising a claim of excessiveness on appeal because he failed to file a motion to reconsider sentence in the trial court, as required by La.C.Cr.P. art. 881.1:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
⅛ $ $ ⅛ ⅛ $
D. Failure to make or file a motion to reconsider sentence or to include a specific *763 ground upon which a motion to reconsider sentence may be based, including a claim of exeessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
See State v. Morgan, 612 So.2d 302 (La.App. 5th Cir.1992).
Although defendant stated at his resen-tencing hearing, “Well, I’d like to make an appeal on this,” such a statement is insufficient to constitute a motion to reconsider under Article 881.1, which requires that the motion, whether oral or written, set forth the specific grounds on which the motion is based.
The Supreme Court vacated the original sentence and remanded for resen-tencing on a finding that the record of the sentencing proceeding did not contain adequate reasons for sentencing nor provide a factual basis for imposition of a near-maximum term of imprisonment. Although we affirm the sentence on the grounds mentioned above, we note that on resentencing the trial judge set out extensive reasons in compliance with La.C.Cr.P. art. 894.1, as follows:
THE COURT:
Mr. Sabathe, your conduct has threatened serious harm not only to yourself, but the public at large. And the Court finds that there was no excuse for your behavior. In fact, by virtue of your prior history, the Court believes that you feel little remorse for your actions. The Court feels that you are in need of correctional treatment, and that is why inpatient substance abuse treatment was ordered.
Also, the facts of your case show that you were so inebriated on the night in question that you could not stand up on your own. And this was demonstrated in the videotapes that were shown during your trial and testimony of the officers. Also, you had a complete memory loss regarding the night in question.
The Court believes that your conduct is of a serious nature and has been made even more serious by the fact that you are incapable of remembering what happened. In your mind, Mr. Sabathe, it’s clear that you think your behavior is not severe and that, I think your defense at trial was you were not guilty because you couldn’t remember what happened.
Therefore, the Court is sentencing you to serve five years in the Department of Corrections. You’ll be given credit for time served. A sentence of five years is justified. This was, in actuality, your fifth DWI conviction. However, you were convicted for a third offense because of some procedural problems with two other convictions that were not allowed into evidence.
Also — are you telling me that was not your fifth conviction, sir?
MR. SABATHE:
No, ma’am.
THE COURT:
Okay. Well, sit back, because it was. The record reflects that that was your fifth DWI conviction.
Also, you exhibited this behavior because this was actually your fifth DWI conviction, however, you were convicted for this being your third DWI conviction, you found little hope of reformation. You stated in your presentence investigation report that you’re not an alcoholic. I don’t agree with that.
The Court also feels that the maximum sentence is justified because there are little or no mitigating factors working in your favor, Mr. Sabathe. You have a history in engaging in this type of activity.
The Court also feels that your conduct is a result of circumstances likely to reoccur. This conduct threatens serious harm to society.
Finally, Mr. Sabathe, you’re not married and you have no children. Therefore, incarceration presents no excessive hardship to anyone.
(R. 247-249).
Based on the trial judge’s explanation of her reasons for sentencing, we conclude she adequately complied with the requirements of Art. 894.1. Nor do we find the sentence excessive. Although defendant’s brief on ap *764 peal points to several other cases in which offenders with greater criminal records received lesser sentences than Sabathe’s, we are not shocked by the sentence nor do we discern an abuse of the wide discretion afforded to the sentencing judge. Accordingly, there is no merit to defendant’s first assignment of error.
Defendant’s second assignment of error is “any and all errors patent on the face of the record.” Our review of the record reveals no errors patent except as noted in our prior opinion at 613 So.2d 711, which is that the minutes indicate the defendant pleaded guilty when in fact he was found guilty after a jury trial. That error is minor and does not affect the outcome of this case.
Accordingly, the conviction and sentence are affirmed.

AFFIRMED.