656 So.2d 722 (1995)
STATE of Louisiana
v.
Charles TAYLOR.
No. 93-KA-226.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1995.
Kurt F. Sins, Asst. Dist. Atty., St. Charles Parish, Hahnville, for plaintiff-appellee.
Mark A. Marino, Destrehan, for defendant-appellant.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
The defendant, Charles Taylor, was indicted on two counts of distribution of cocaine, in violation of LSA-R.S. 40:967 A(1). At the June 19, 1991 arraignment, defendant pled not guilty. The matter proceeded to trial on one count on August 7, 1991. After considering the evidence presented, the jury found defendant guilty as charged.
The State thereafter filed a multiple offender bill of information pursuant to the provisions of LSA-R.S. 15:529.1, alleging that defendant was a second felony offender. At the October 9, 1991, multiple offender hearing, the defendant admitted the allegations of the multiple bill; and the trial court sentenced him to fifteen years at hard labor. Defendant thereafter appealed. On March 31, 1992, this court affirmed defendant's conviction, but vacated his sentence and remanded the matter for re-sentencing because the trial court failed to advise defendant of his rights prior to accepting his admission to the allegations contained in the multiple offender bill. See State v. Taylor, 597 So.2d 123 (La.App. 5 Cir.1992).
On April 28, 1992, defendant filed a Motion for New Trial based on newly discovered *723 evidence. On June 17, 1992, the court conducted a hearing on this motion and thereafter took the matter under advisement. On December 21, 1992, the judge denied defendant's motion for new trial. From this denial, defendant orally moved for an appeal. The court granted defendant's appeal on this particular issue, but delayed re-sentencing pending defendant's appeal. On January 5, 1993, defendant filed a written motion for appeal. On April 23, 1993, this court issued the following order finding that the appeal was premature:
In our jurisdictional review of the record lodged in this case, we note that the defendant has not yet been re-sentenced in this case as previously ordered. This appeal is therefore premature. Accordingly,
IT IS ORDERED, that this matter be removed from the docket of Thursday, July 8, 1993, and that all proceedings in this Court be stayed pending the re-sentencing of the defendant.
IT IS FURTHER ORDERED, that Charles Taylor be re-sentenced on or before May 28, 1993, and, that following the imposition of sentence, the appeal record is to be supplemented with the transcript of the proceeding.
IT IS FURTHER ORDERED, following supplementation of the record, that new briefing dates be assigned and the matter be redocketed for argument.
On May 19, 1993, defendant appeared in court for re-sentencing pursuant to the mandate of this court. Despite the fact that defendant was unrepresented by counsel, the trial judge proceeded with the sentencing. The court read the multiple offender bill and advised defendant of his rights. Specifically, the trial judge advised defendant of his right to remain silent and his right to a formal hearing. At this hearing, defendant indicated that he did not need the judge to appoint an attorney and ultimately admitted, pursuant to questioning by the court, that he was the same person who pled guilty on April 11, 1983, to robbery and was sentenced to fifteen years with the Mississippi Department of Corrections. After defendant admitted the allegations contained in the multiple bill, the judge re-sentenced defendant on the multiple offender bill to fifteen years at hard labor.
Since defendant was unrepresented at the May 19, 1993 hearing, the court, pursuant to a request by the state, re-sentenced defendant in the presence of counsel on July 28, 1993. The judge indicated that he was going to re-sentence defendant to correct any possible illegal sentence that might have been imposed previously as a result of his attorney not being present. On that date, the court read the allegations contained in the multiple offender bill. This time, the defendant denied the allegations contained in the multiple offender bill of information. After the state offered into evidence the certified records from Mississippi, the matter was set for an evidentiary hearing.
On September 29, 1993, the court conducted a hearing on the allegations contained in the multiple offender bill of information. At this hearing, after being accepted as an expert in fingerprint identification, Lieutenant Luis Mungia of the St. Charles Parish Sheriff's Office, was asked to compare the fingerprints of the defendant with the fingerprints on the copy of the fingerprint card contained in the certified pen packet from Mississippi, which was introduced into evidence. He testified that the fingerprints were made by the same individual. After considering the evidence, the judge adjudicated defendant to be a multiple offender and sentenced him to fifteen years at hard labor.
In February of 1994, defendant filed a writ of habeas corpus to vacate an illegal multiple bill sentence, alleging that the state failed to prove that he was properly "boykinized" in the predicate offense. On June 1, 1994, the trial judge signed an order setting the matter for yet another multiple offender hearing.
In July of 1994, defendant filed what he called a "Supplement to Amend Motion to Quash to Original Writ of Habeas Corpus to Vacate an Illegal Multiple Bill Sentence." In that document, defendant requested that the multiple offender bill of information be quashed.
On September 21, 1994, the court conducted another hearing to address the issues of whether defendant was represented by counsel *724 when he entered the guilty plea in Mississippi and whether defendant was properly boykinized prior to the guilty plea in Mississippi. At this hearing, the state offered into evidence a certified copy of the advice of rights form and the transcript of the guilty plea proceedings in Mississippi. After listening to argument of defense counsel, the trial judge found that defendant was represented by counsel and was properly boykinized in the prior guilty plea. The trial judge ruled as follows:
I understand. It was reduced to robbery. This judge in Mississippi painstakingly boykinized this individual, some 11 pages worth, went through his personal life with him, made sure he understood all of his rights, had a colloquy with him to determine that in fact this man was guilty, that he wanted to plead guilty. This judge in Mississippi did an exemplary job. And it's obvious from the face of this record that this offense of robbery is a felony which can be used to enhance this individual's penalty. The Court will accept this Multiple Offender Hearing Exhibit B as the proof that is showsIt shows that he was represented by his attorney, who was present; his name was Honorable John Jackson, attorney at law, McComb, Mississippi. His right forms, which he signs, and certified to by the attorney, John Jackson, indicated that this individual knew exactly what he was doing. All right. The Court finds that the State has satisfied its hearing in this particular case; that theall requisites for sentencing him as a multiple offender has been conducted and carried out; and there is no further relief to which Mr. Taylor is entitled to, in this Court's opinion, other than to go and finish serving his time.
The judge thereafter re-sentenced defendant to fifteen years at hard labor with credit given for time served. At the conclusion of these proceedings, defendant filed an appeal.

ASSIGNMENT OF ERROR
The trial court failed to re-sentence the defendant properly in accordance with Louisiana Revised Statute 15:529.1.

DISCUSSION
In this assignment of error, defendant alleges that the trial court failed to re-sentence him properly in accordance with the provisions of LSA-R.S. 15:529.1. Defendant specifically contends that the state failed to prove at the September 29, 1993 hearing, that his prior guilty plea was made while he was represented by counsel, and accordingly, defendant should not have been adjudicated a multiple offender. Defendant further alleges that the subsequent action taken by the court in vacating his sentence was without effect because when the trial court re-sentenced defendant on September 29, 1993, the trial court lost any jurisdiction to later set aside its sentence. Defendant now requests this court to once again set aside his sentence and to remand the matter for the re-sentencing of defendant as a first offender.
In a multiple offender proceeding, the State must prove by competent evidence the existence of a prior felony and that the defendant is the person who was convicted of that prior felony. State v. Chaney, 423 So.2d 1092 (La.1982); State v. Jenkins, 595 So.2d 780 (La.App. 5 Cir.1992).
In State v. Shelton, 621 So.2d 769 (La. 1993), the Louisiana Supreme Court revised the scheme of allocating burdens of proof in habitual offender proceedings. The court, in Shelton, stated:
In light of the fact that Parke, holds Boykin does not require that the entire burden be placed on the prosecution in a recidivism proceeding and because our present system of placing the entire burden on the State fails to give any presumption of regularity to a final conviction used in an habitual offender hearing, we today revise our previous scheme allocating burdens of proof in habitual offender proceedings.
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement *725 of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea from, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. (footnote omitted)
State v. Shelton, supra at pp. 779-780.
See also L.S.A.-R.S. 15:529.1 D(1)(b) which sets forth the burden of proof in habitual offender proceedings as follows:
Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of Louisiana or the Constitution of the United States of America shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
The question which must now be answered is whether the state met its initial burden of proof as set forth in State v. Shelton, supra, and LSA-R.S. 15:529.1D(1)(b).
At the July 28, 1993 hearing, defendant denied the allegations contained in the multiple offender bill of information, and the court in accordance with the mandate of LSA-R.S. 15:529.1D(1)(a) set the matter for an evidentiary hearing. At the September 29, 1993 hearing, the state proved the identity of defendant through the testimony of Lieutenant Mungia, specifically, that defendant was the same person who pled guilty to robbery in Mississippi. The court, however, pursuant to a motion filed by defendant, set the matter for another hearing on the multiple offender bill based on allegations by defendant that the predicate offense was not properly proved. At the September 21, 1994 hearing, the state introduced a copy of the Boykin transcript as well as a certified copy of the waiver of rights form signed by defendant in the prior Mississippi proceedings. The documents introduced clearly show that defendant was represented by an attorney and additionally show that defendant was thoroughly advised of his rights at the prior guilty plea proceeding in Mississippi. The state clearly met its burden of proving the existence of the prior guilty plea and that defendant was represented by counsel when it was taken. The burden then shifted to defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Defendant failed to meet his burden of proof, and in fact, did not produce any evidence to show any type of irregularity or unconstitutionality with his prior guilty plea. Even though the defendant did not meet his burden, the state nonetheless produced a "perfect" transcript which clearly showed that defendant was thoroughly advised of his constitutional rights.
As part of this assignment, defendant also argues that after the trial court re-sentenced him on September 29, 1993, it lost jurisdiction to later set aside the sentence and re-sentence him. However, defendant does not set forth any statutory or jurisprudential authority in his brief to support his *726 position. Moreover, the trial judge conducted a subsequent multiple offender hearing which resulted in the re-sentencing of defendant pursuant to a motion that defendant himself filed.
Accordingly, the defendant's assignment is without merit.
AFFIRMED.