734 So.2d 33 (1999)
STATE of Louisiana
v.
Nawassah J. RICHMOND.
No. 98-KA-1015.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
*35 Laurie A. White, Louisiana Appellate Project, New Orleans, Louisiana, Attorney for Appellant Nawassah J. Richmond.
Paul D. Connick, Jr., District Attorney, 24th Judicial District Court, Terry M. Boudreaux, Assistant District Attorney, Research and Appeals, Gretna, Louisiana, for State.
Panel composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and JAMES L. CANNELLA.
CANNELLA, Judge.
Defendant, Nawassah J. Richmond, appeals her finding as an habitual offender and enhanced sentence. We affirm.
On July 8, 1996, defendant was charged with crime against nature, a violation of La.R.S. 14:89. She pled not guilty at arraignment and was tried on July 24, 1997 by a six person jury. On that date the jury returned a unanimous verdict of guilty as charged. On August 29, 1997, defendant was sentenced to serve 5 years imprisonment at hard labor, after which she filed an appeal. On March 25, 1998, this court affirmed the defendant's conviction and sentence.[1] On May 27, 1998, the State filed an habitual offender bill of information, charging the defendant with being a third felony offender. Pursuant to La.R.S. 15:529.1. After a hearing on July 17, 1998 defendant was found to be a third felony offender and was sentenced to 10 years imprisonment at hard labor. On appeal, defendant asserts that the trial judge erred in finding her a third felony offender and that her enhanced sentence is excessive.
Defendant asserts that the trial judge erred in finding her a third felony offender in violation of her Due Process rights under the Fourteenth Amendment to the United States Constitution. She contends that the State failed to meet its burden of proving that her prior guilty pleas were knowingly, intelligently, freely and voluntarily made because the Boykin transcripts were missing from the exhibits relating to the prior convictions and the State failed to mention the waiver of rights form at the hearing. Defendant contends that State v. Taylor, 93-226 (La.App. 5th Cir. 5/30/95), 656 So.2d 722 requires the State to produce a copy of the Boykin transcript and defendant's signed waiver of rights form to show that her prior convictions were valid.
To prove that a defendant is an habitual offender, the State must establish, *36 by competent evidence, the prior felony convictions and that defendant is the same person who was convicted of the prior felonies. State v. Chaney, 423 So.2d 1092, 1103 (La.1982); State v. Bailey, 97-302 (La.App. 5th Cir. 4/28/98),713 So.2d 588, 610, writ denied, 98-K-1458 (La.10/30/98), 723 So.2d 971. The State may establish this by various means, such as the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior proceedings or photographs contained in a duly authenticated record. State v. Bailey, 713 So.2d at 610; State v. Brown, 514 So.2d 99 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216, reh'g denied, 487 U.S. 1228, 108 S.Ct. 2888, 101 L.Ed.2d 923 (1988). The State must further show that the prior convictions fall within the 10 year cleansing period prescribed by La. R.S. 15:529.1(C). State v. Bailey, 713 So.2d at 610.
Where a prior conviction resulted from a guilty plea, the State must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to the guilty plea, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Shelton, 621 So.2d 769 at 779 (La.1993); State v. Bailey, 713 So.2d at 610. If defendant denies the allegations of the bill of information, the State has the burden of proving the existence of the prior guilty pleas and that defendant was represented by counsel. State v. Shelton, 621 So.2d at 779; State v. Bailey, 713 So.2d at 610; State v. Conrad, 94-232 (La. App. 5th Cir. 11/16/94), 646 So.2d 1062, 1064, writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345. Once the State meets this burden, defendant must produce some affirmative evidence of an infringement of his rights or of a procedural irregularity. State v. Shelton, 621 So.2d at 779; State v. Bailey, 713 So.2d at 610; State v. Conrad,, 646 So.2d at 1064. Thereafter, the State must prove the constitutionality of the plea. State v. Shelton, 621 So.2d at 779; State v. Bailey, 713 So.2d at 610; State v. Conrad, 646 So.2d at 1064.
In proving the constitutionality of the plea, the State must produce either a "perfect" transcript of the Boykin colloquy between the defendant and the trial judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript. State v. Shelton, 621 So.2d at 780. If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary. Id at 780.
In this case, defendant failed to file a written response to the bill of information, setting forth with particularity her claim and the factual basis for it, as mandated by La.R.S. 15:529.1(D)(1)(b).[2] In addition, the only objection made at the habitual offender hearing was to the identification procedure. She did not object to the absence of the Boykin transcripts or that the State failed to mention the waiver of rights form at the hearing. However, we note that the State did offer these into evidence. Defendant presents these challenges for the first time on appeal.
In State v. Windham, 630 So.2d 688, 688 (La.1993), the Louisiana Supreme Court stated:
In the absence of a contemporaneous objection at the multiple offender hearing, the defendant otherwise may not complain for the first time on review that the records of his guilty pleas introduced by the State at the multiple offender hearing did not reflect compliance with this court's Boykin rules.
In State v. Bell, 97-1134 (La.App. 5th Cir. 2/25/98), 709 So.2d 921, 926 writ denied, *37 98-792 (La.9/16/98), 721 So.2d 477, the defendant complained that his habitual offender adjudication was invalid because the State had failed to produce Boykin transcripts of his prior guilty pleas. We declined to consider defendant's argument, because he had not stated his objections in a written response, nor had he offered an oral objection at the habitual offender hearing. See also: State v. Hardy, 98-25 (La.App. 5th Cir. 5/13/98), 715 So.2d 466, 473.[3] Also, the Fourth Circuit has concluded that a defendant must file a written response to an habitual offender bill in order to preserve for appeal the issue of sufficiency of proof of a prior conviction based on a guilty plea. State v. Cossee, 95-2218 (La.App. 4th Cir. 7/24/96), 678 So.2d 72.
In this case, defendant did not file a written response to the bill of information nor did she challenge the State's proof of the guilty pleas or their compliance with Boykin at any time before her sentence was imposed. Accordingly, she cannot raise those issues now to attack her sentence as a third felony offender.[4]
Defendant also contends that the State failed to meet its burden of proving that she was the same person who pled guilty and was convicted of the two prior offenses because the defendant's fingerprints were matched with those on arrest records rather than on the plea or conviction records for those offenses. Testimony comparing a defendant's current fingerprints with fingerprints found on prior arrest records is sufficient to prove that the defendant was the person convicted of a prior felony. State v. Bell, 97-1134 (La. App. 5th Cir. 2/25/98), 709 So.2d at 926, State v. Joseph, 96-187 (La.App. 5th Cir. 11/14/96), 685 So.2d 237, 248, writ granted in part on other grounds, 96-2998 (La.5/9/97), 693 So.2d 782. Thus, we find that the State bore its burden of proof (beyond a reasonable doubt) on identification.
Defendant next asserts that her sentence of 10 years imprisonment at hard labor is excessive in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I § 20 of the Louisiana Constitution of 1974.
A review of the record reveals that defendant failed to file a motion to reconsider sentence. She made a general objection to the sentence following the hearing, but did not specify the grounds. La.C.Cr.P. art. 881.1 A requires a defendant to make an oral motion or file a written motion to reconsider sentence stating the specific grounds on which the motion is made. Failure to do so precludes review of the sentence. C.Cr.P. art. 881.1 D; State v. Alas, 622 So.2d 836, 839 (La.App. 5th Cir. 1993), writ denied, 629 So.2d 397 (La. 1993). However, in State v. Allen, 93-838 (La.App. 5th Cir. 5/13/94), 638 So.2d 394, 401 writ granted, 646 So.2d 390 (La.1994), writ recalled, 651 So.2d 1343 (La.1995), where defendant failed to file a motion to reconsider sentence, this court held that "out of an abundance of caution" it would consider the merits of defendant's excessiveness argument.
In State v. Sabathe, 93-860 (La.App. 5th Cir. 2/23/94), 633 So.2d 761, 763, we held *38 that defendant's statement at his re-sentencing, "I'd like to make an appeal on this," was insufficient to constitute a motion to reconsider under Article 881.1. However, in several other cases in this court we chose to review the sentence for constitutional excessiveness even though the particular defendant's only stated a general objection. State v. Pendelton, 96-367 (La.App. 5th Cir. 5/28/97), 696 So.2d 144, 155 writ denied, 97-1714 (La.12/19/97), 706 So.2d 450, State v. Richmond, 97-1225 (La.App. 5th Cir. 3/25/98), 708 So.2d 1272, 1276 @ Fn. 1 State v. Jackson, 96-661, (La.App. 5th Cir. 4/9/97), 694 So.2d 440, 450 writ denied, 97-1050 (La.10/13/97), 703 So.2d 609. See also: State v. Richmond, 97-1225 (La.App. 5th Cir. 3/25/98), 708 So.2d 1272, 1276 @ Fn.1. In Jackson we noted that in State v. Mims, 619 So.2d 1059 (La.1993), after remand, writ denied, 93-2933 (La.2/11/94), 634 So.2d 373, the Louisiana Supreme Court was silent as to whether the failure to comply with Article 881.1 precludes even a claim of constitutional excessiveness. Thus, we will review the sentence for constitutional excessiveness in an abundance of caution.
Both the United States and Louisiana constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. Amend. 8; La. Const. of 1974, Art. I, Sect. 20. A sentence is generally considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Daigle, 96-782 (La.App. 5th Cir. 1/28/97), 688 So.2d 158, 159. State v. Lobato, 603 So.2d 739, 751 (La.1992). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The sentence will not be set aside absent showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Daigle, 688 So.2d @ 159.
In reviewing a sentence for excessiveness, this court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Daigle, 688 So.2d at 159. The trial judge is afforded wide discretion in determining a sentence and, if the record supports the sentence imposed, the court of appeal will not set aside a sentence for excessiveness. La.C.Cr.P. art. 881.4(D). State v. Daigle, 688 So.2d @ 159. A sentence may be reviewed for excessiveness even though it is within statutory range. Id. at 159.
The trial court originally sentenced the defendant to 5 years imprisonment at hard labor, the maximum sentence for this offense. During the original sentencing hearing the trial court stated the following reasons for sentencing:
The Court:
My problem is what you have that we know from the hearing that was heard in this court when your medical conditions were discussed at your sanity commission, that in the past you have gone back out and done the things that you do, which now can mean a death sentence to someone else because of what you carry around inside your body. And that's the problem that scared the heck out of me.
In the past, you've gone back out. I don't--- as a human being, I have a lot of compassion for you and I'm sorry, but, also, I have a lot of compassion and I worry about people out there who are not ill right now, who can be protected.
So the only thing I feel that I can do is sentence you to the full five years at hard labor, order that you be given credit for any time you served.
(R., pp. 138-139)
In the appeal of the original sentence, we stated that, although the sentence seemed "harsh in light of no admitted evidence of past convictions", the sentence was not excessive because the defendant committed the offense after she knew that *39 she was HIV positive. State v. Richmond, 708 So.2d at 1276.[5] In re-sentencing the defendant as a third felony offender, the trial court did not give additional reasons. However, in light of evidence of the defendant's previous convictions, the same rationale offered earlier by this court applies and we find that her maximum sentence as a third felony offender is not excessive.
We have reviewed the record for patent error pursuant to La.C.Cr.P. art. 920 and find none requiring action. However, we notice that defendant was not arraigned on the habitual offender bill, as required under La.R.S. 15:529.1 D(1)(a). However, under C.Cr.P. art. 555, a failure to arraign the defendant or the fact that she did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if she had pled not guilty. Furthermore, we note that she was not advised of her right to trial or to remain silent, as required by R.S. 15:529.1 D(1)(a). However, this is harmless error when defendant has not pled or admitted to any allegation in the bill of information, proceeds to trial and is silent. State v. Allen, 93-838 (La.App. 5th Cir. 5/31/94), 638 So.2d 394, 403; State v. Washington, 563 So.2d 530, 533 (La.App. 5th Cir.1990).
Accordingly, we hereby affirm the finding that defendant is a third felony habitual offender and enhanced sentence.
AFFIRMED.
NOTES
[1] State v. Richmond, 97-1225 (La.App. 5th Cir. 3/25/98), 708 So.2d 1272.
[2] Under the statute, the State bears the burden of proof beyond a reasonable doubt of any issue of fact in the proceedings. However, the burden of proof (by a preponderance of the evidence) thereafter shifts to defendant to prove her claim.
[3] In State v. Winfrey, 97-427 (La.App. 5th Cir. 10/28/97), 703 So.2d 63, 79, even though the defendant had failed to state his objection in a written response to the habitual offender bill, we considered defendant's habitual offender claim "in the interests of justice or judicial economy," In our more recent opinions, however, we have required compliance with R.S. 15:529.1 D(1)(b).
[4] We also note that, if we had considered the arguments made by defendant relative to the prior guilty pleas, the State bore its initial burden of proof, shifting the burden to defendant to show any irregularity or unconstitutionality of the pleas. Further, defendant did not bear her burden of showing any irregularity or unconstitutionality of the pleas. Only then would the burden have shifted to the State to prove the constitutionality of the pleas, which might have included the Boykin transcripts. See: State v. Taylor, 93-226 (La. App. 5th Cir. 5/30/95), 656 So.2d 722, cited by defendant.
[5] This Court further noted that the defendant did not receive the maximum sentence under La.R.S. 14:89, since the trial court could have additionally imposed a fine of up to $200.