758 So.2d 779 (2000)
STATE of Louisiana
v.
O'Neil GILBERT.
No. 99-OK-2338.
Supreme Court of Louisiana.
February 4, 2000.
PER CURIAM.[*]
Granted. This case is remanded to the court of appeal for purposes of reinstating the defendant's appeal and for rebriefing. A defendant may appeal from a judgment which imposes a sentence, La.C.Cr.P. art. 912(C)(1), and such appeals are "favored in the law ." State v. Bunnell, 508 So.2d 55 (La.1987). An appellate court therefore may not dismiss a timely and properly filed appeal on grounds that the district court may vacate sentence and resentence the defendant on a pending multiple offender *780 bill under La.R.S. 15:529.1. La. C.Cr.P. art. 916(8) vests jurisdiction in the district court to resentence the defendant as a multiple offender despite a pending appeal and thereby allows for prompt disposition of all issues related to punishment not only in the district court but also in an appellate court which otherwise has jurisdiction over the case. If the court of appeal has notice of a pending multiple bill and wishes to avoid piecemeal litigation, it may delay disposing of the appeal, direct the district court to expedite the hearing on defendant's multiple offender status, and, if necessary, exercise its authority under La.C.Cr.P. art. 914.1(C) to designate additional portions of the proceedings below as part of the appellate record for review, at any time before finality of its decision on the merits. La.C.Cr.P. art. 922; see State v. Taylor, 93-226 (La.App. 5th Cir.5/30/95), 656 So.2d 722.
NOTES
[*] Lemmon, J., not on panel. See La.S.Ct.Rule IV, Part II, § 3.