767 So.2d 904 (2000)
STATE of Louisiana
v.
Harrison BREAUX.
No. 00-KA-236.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 2000.
*906 Carey J. Ellis, III, Louisiana Appellate Project, Rayville, Louisiana, Attorney for Defendant Harrison Breaux.
Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Joe Aluise, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Defendant, Harrison Breaux, appeals from his conviction of simple burglary of an inhabited dwelling and his sentence, as a third offender, to life in prison, without benefit of parole, probation and suspension of sentence. For the reasons which follow, we affirm.
On August 29, 1998, John Dunn (Dunn) was at home doing homework with his son, when he noticed that his dog was barking continuously. Dunn looked out of his window and saw a car parked across the driveway of his neighbor, Jim Cantine (Cantine), with its trunk and a door open. As Dunn called 911, he saw the Defendant come out of the sliding back door of the Cantine house carrying what appeared to *907 be a jewelry box. Dunn observed the Defendant make several trips between the house to the car with a stereo, a television, and the jewelry box. Dunn then saw the Defendant drive around to the back of the Cantine house.
Deputy Craig Pond of the Jefferson Parish Sheriffs Office responded to the 911 call, arrived at the house and saw a vehicle matching the description from the radio call. The vehicle's trunk was open, the driver's door was open, and the engine was running. Deputy Pond saw a television set in the back seat and a cable box, VCR and tools in the front seat. Deputy Pond turned the engine off and took the keys.
Deputy Pond then walked along the side of the Cantine house to the back and observed the open sliding glass door. When he heard a noise coming from inside the house, he called for backup. Deputy Pond then concealed himself near some bushes on the side of the house.
While Deputy Pond was waiting, the Defendant came out of the house carrying a stereo and a black case. Deputy Pond approached the Defendant and asked him if this was his house. The Defendant answered in the negative and Deputy Pond arrested him.
On May 18, 1998, the Jefferson Parish District Attorney filed a bill of information charging the Defendant with one count of simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2. At his arraignment on May 22, 1998, he pled not guilty.
Defendant filed motions to suppress the evidence, confession and identification and for a preliminary hearing.
On July 7, 1998, Defendant filed a motion to appoint a sanity commission which was granted by the trial court on July 8, 1998. On December 10, 1998, a sanity hearing was held and the trial court found that the Defendant fulfilled the Bennett[1] criteria and was able to stand trial.
On February 25, 1999, the trial court took up a preliminary hearing and the motion to suppress the evidence, confession and identification. After hearing the testimony of the arresting officer, Deputy Pond, the trial court found that there was probable cause to hold the Defendant for trial and denied Defendant's motion to suppress his statement, evidence and identification. Next, jury selection began and a twelve-member jury was selected.
On February 26, 1999, trial was held and the jury found Defendant guilty as charged. On March 5, 1999, Defendant filed motions for new trial and for post-verdict judgment of acquittal. On May 5, 1999, a hearing was held on the motions and the trial court denied both motions. During the same hearing, the trial court sentenced the Defendant to twelve years imprisonment at hard labor with the first year of Defendant's sentence to be served without benefit of parole, probation or suspension of sentence.
On March 23, 1999. the Jefferson Parish District Attorney filed a habitual offender bill of information alleging that the Defendant was a third felony offender. On March 31, 1999, Defendant filed a written response to the habitual offender bill of information and on October 22, 1999, he filed a supplemental response.
On May 7, 1999, the Defendant filed a motion for appeal which was granted on May 12, 1999.
On January 6, 2000, a habitual offender hearing was held and the trial court found the Defendant to be a third felony offender. The trial court vacated Defendant's prior sentence and sentenced Defendant to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
On January 7, 2000, Defendant filed a second motion for appeal which was granted on January 12, 2000.
*908 On appeal, Defendant does not raise any issues regarding his conviction for simple burglary of an inhabited dwelling, but only raises issues concerning his sentence, the habitual offender proceedings and sentence. Therefore, noting no errors patent regarding the proceedings that led to the Defendant's conviction, that conviction is affirmed. Defendant assigns four errors on appeal.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error Defendant points out that the trial court failed to observe the 24 hour delay between the denial of his motion for new trial and imposition of his original twelve year imprisonment at hard labor sentence as required by La.C.Cr.P. art. 873. The State admits that the trial court failed to observe the delay, but argues that Defendant tacitly waived the sentencing delay or, in the alternative, that the failure was harmless.
Louisiana Code of Criminal Procedure article 873 mandates a 24 hour delay between the denial of a new trial motion stating:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
La.C.Cr.P. art. 873.
In the present case, the trial court denied Defendant's motion for new trial and sentenced the Defendant on the same day. While this was error on the part of the trial court, it does not necessitate appellate action at this point because the sentence has already been set aside as a result of the habitual offender proceeding. State v. Brown, 95-124 (La.App. 5th Cir. 5/30/95), 656 So.2d 1070. Furthermore, although Defendant assigns this as error, he concedes that he suffered no prejudice by the lack of delay prior to sentencing. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error Defendant argues that the trial court erred in failing to assign written reasons for its determination that he is a third felony offender. The State responds that the transcription of the trial court's oral reasons for the habitual offender determination comply with the statutory requirement.
Louisiana's Habitual Offender Law is found in La. R.S. 15:529.1 and provides in subsection D(3) that:
When the judge finds that he [defendant] has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling. (Emphasis supplied).
La. R.S. 15:529.1 D(3).
In the present case, the trial court gave oral reasons for finding defendant to be a third felony offender, which were transcribed and form part of the record. As such, this is sufficient to comply with the statutory requirement. State v. Neal, 99-1853 (La.App. 5th Cir. 5/30/00), 762 So.2d 281; State v. Perkins, 99-1084 (La.App. 5th Cir. 1/25/00), 751 So.2d 403. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER THREE
By this assignment of error Defendant argues that the evidence presented in *909 the trial court was insufficient to identify him with the prior offenses alleged in the habitual offender bill of information. The State responds that the evidence was sufficient.
To prove that a defendant is a habitual offender, the state, among other things, must establish by competent evidence, that there is a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092, 1103 (La.1982); State v. Williams, 98-651 (La.App. 5th Cir. 2/10/99), 729 So.2d 14, 19. The state may establish the element of a defendant's identity by various means, such as the testimony of witnesses to prior crimes, expert testimony, matching fingerprints of the accused with those in the record of prior proceedings or photographs contained in a duly authenticated record. State v. Richmond, 98-1015 (La.App. 5th Cir. 3/10/99), 734 So.2d 33, 37; State v. Bailey, 97-302 (La.App. 5th Cir. 4/28/98), 713 So.2d 588, 610, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971.
In the present case, the habitual offender bill of information alleges that the Defendant was previously convicted of armed robbery and sentenced to fifteen years imprisonment at hard labor in case number 75-1861 of the Twenty-Fourth Judicial District Court of the State of Louisiana. The bill also alleges that the Defendant was convicted of theft of over $500 and sentenced to serve six years imprisonment at hard labor in case number X-XX-XXXX of the Nineteenth Judicial District Court of the State of Louisiana.
During the habitual offender hearing, the State called Lieutenant Patricia Adams of the Jefferson Parish Sheriff's Office, who was qualified as an expert in the field of identification and comparison of fingerprints, to establish the link between the Defendant and the person convicted of the prior offenses in the habitual offender bill of information. The State also introduced various certified documents to establish Defendant's prior convictions and sentences. Upon review, we find that the evidence was sufficient to establish the prior convictions and to link the Defendant to those prior convictions. Each predicate conviction is discussed separately below.

75-1861
Lieutenant Adams testified that she took Defendant's fingerprints on the day of the habitual offender hearing. This set of fingerprints was introduced and accepted by the trial court as States Exhibit 1. Lieutenant Adams compared the set of fingerprints on Exhibit 1 to the fingerprints found on State's Exhibit 2, which is a fingerprint card dated August 26, 1975. Adams found that the fingerprints on Exhibit 1 and Exhibit 2 were made by the same person. The August 26, 1975 fingerprint card indicates that the prints are of Harrison Breaux, whose date of birth is 9/14/50 and social security number is XXX-XX-XXXX. It sets out that he is a black, male, 601 height, 154 weight, brown eyes and black hair. It lists his occupation as a clothes presser at Manners Cleaners and his home address as 445 B. Josephine Street, New Orleans. Also, it states that Harrison Breaux was charged with armed robbery and aggravated battery and was arrested on 8/26/75 on a warrant issued by Judge Thomas Wicker on 8/2/75. The Bureau of Identification Number is 63874.
The August 26, 1975 fingerprint card is linked to the arrest record with the same name, date of birth, social security number, description, address, occupation, and employer. The arrest register additionally lists the same date of arrest and the same two charges on the same date. Further, both the fingerprint card and the arrest register contain the same Bureau of Identification number, 63874. The arrest register also contained the victim's name and an item number.
These documents were then linked to the bill of information with the Defendant's name, address, charge, and victim's name. The arrest record and bill of information *910 also contained the same item number, 1358275.[2] The bill of information also contained the court docket number assigned to this case. Finally, the bill of information is linked to the commitment through the defendant's name, date of birth, guilty plea form and docket number, 75-1861. The commitment also contains the same item number as the bill of information and the arrest record. The arrest record also provides for "Disposition" and lists the armed robbery by the docket number 75-1861 and states that the defendant was convicted of armed robbery and sentence to fifteen years imprisonment without benefit of parole, probation or suspension of sentence, which coincides with the commitment.
Based on the forgoing, we conclude that the State established the Defendant's identity through competent evidence as the same person who was convicted and sentenced for the predicate offense of armed robbery in the habitual offender bill of information.

X-XX-XXXX
Lieutenant Adams also testified that she compared the fingerprints of the Defendant that she took on the day of the habitual offender hearing and the fingerprints on State's Exhibit 3, another fingerprint card Certified by the Louisiana State Police, and found that the fingerprints were of one and the same person. This fingerprint card, like the one referred to previously, lists the name of the person fingerprinted, Harrison Breaux, III, his date of birth, 9/14/50, description, social security number and address of 1933 Seventh Street, New Orleans. The fingerprint card also lists the Defendant's date of arrest as 5/13/88 on a charge of transfer or possession of a stolen car with an item number of 31251.
This fingerprint card was linked to the bill of information for the predicate offense by the same name, date of birth, address, date of arrest and similar offense.[3] Further, both the bill of information and the fingerprint card contained the same item number of 31251. The bill of information also contains the court docket number, X-XX-XXXX. These documents are linked to the guilty plea, sentencing transcript and commitment by the same docket number, offense, defendant's name, date of birth and date of arrest.
Accordingly, we find that the State established the Defendant's identity through competent evidence as the same person who was convicted of and sentenced for the predicate felony of theft as listed in the habitual offender bill of information. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER FOUR
By this assignment of error, Defendant argues that there was insufficient evidence that the prior offenses resulted in convictions based upon valid guilty pleas while the Defendant was represented by counsel.
The State responds that the Defendant did not bear his burden of producing affirmative evidence of an infringement of his rights or of a procedural irregularity. Further, the State argues that it proved the constitutionality of the Defendant's prior pleas.
In habitual offender proceedings, if the defendant denies the allegations of the bill of information, the state has the initial burden of proving the existence of the prior guilty pleas and that the defendant was represented by counsel. State v. *911 Shelton, 621 So.2d at 779; State v. Richmond, 734 So.2d at 36; State v. Bailey, 713 So.2d at 610. Once the state meets this burden, the burden shifts to the defendant to produce some affirmative evidence of an infringement of his rights or of a procedural irregularity in the taking of the plea. State v. Shelton, 621 So.2d at 779; State v. Bailey, 713 So.2d at 610; State v. Richmond, 734 So.2d at 36. If the defendant comes forward with such proof, then the burden shifts back to the state to prove the constitutionality of the plea. State v. Shelton, 621 So.2d at 779; State v. Richmond, 734 So.2d at 36; State v. Bailey, 713 So.2d at 610.
In proving the constitutionality of the plea, the state must produce either a "perfect" transcript of the Boykin colloquy between the defendant and the trial judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript. State v. Shelton, 621 So.2d at 780; State v. Richmond, 734 So.2d at 36. If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the state to determine whether the state met its burden of proof that defendant's prior guilty plea was informed and voluntary. Id.
In the present case, the Defendant filed both an initial written response and a supplemental response to the habitual offender bill of information denying the allegations in the State's habitual offender bill of information.
Under Shelton, the State had the initial burden of proving the existence of the prior guilty pleas and that the Defendant was represented by counsel.
The existence of the prior convictions was established (see Assignment Of Error Number Three). The record also clearly indicates that the Defendant was represented by counsel. In proving the auto theft conviction, the State introduced the guilty plea transcript in which the Defendant is represented by counsel. In proving the armed robbery conviction, the State introduced into evidence the minutes of the guilty plea conviction which specify that the Defendant was represented by counsel and the guilty plea form which shows the signature of defense counsel, Defendant and the trial judge.
Thus, we find that the State clearly met its burden of proving both the existence of the prior convictions and that the Defendant was represented by counsel when he pled guilty to each offense.
At this point, under Shelton, the burden of proof shifted to the Defendant to show infringement of his rights.
This Court, in several cases, has examined whether defendants have carried the burden of producing affirmative evidence establishing an infringement of a defendant's rights or a procedural irregularity in the taking of the plea so as to shift the burden back to the state.
In State v. Winfrey, 97-427 (La.App. 5th Cir. 10/28/97), 703 So.2d 63, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481, this Court found that the defendant had not come forward with adequate proof of an infringement of his constitutional rights to shift the burden back to the state. The defendant was alleged to be a second felony offender. The state presented sufficient evidence to shift the burden to the defendant to affirmatively prove there existed an infringement of his rights or a procedural irregularity occurred in the taking of the plea itself. After the state rested its case, defense counsel argued that the state had not proven that defendant was advised of and waived his three Boykin rights in the predicate guilty plea. The defense came forward with no evidence. This Court ruled that argument, without coming forward with evidence that affirmatively proved an infringement of defendant's rights, was not sufficient. See also. State v. Carter, 98-24 (La.App. 5th Cir. 5/27/98), 712 So.2d 701, writ denied, 98-1767 (La.11/6/98), 727 So.2d 444; State v. Conrad, 94-232 (La.App. 5th Cir. *912 11/16/94), 646 So.2d 1062, writs denied, 94-3076 (La.4/7/95), 652 So.2d 1345.
In the present case, the Defendant did not present any affirmative evidence. During the habitual offender hearing, defense counsel objected to the introduction of the documents by the State. However, the Defendant did not present the Shelton required affirmative evidence showing an infringement of his rights or a procedural irregularity. Additionally, defense counsel's argument centered on the State's failure to present a "perfect" transcript. However, because the Defendant failed to present affirmative evidence, the burden did not shift back to the State to present a "perfect" transcript. Nevertheless, the evidence presented by the State did include the transcript for one offense, and, for the other, the minute entry that Boykin rights had been waived, and a guilty plea Boykin rights waiver form, signed by the Defendant, his counsel and the trial judge. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER FIVE
By this assignment of error, the Defendant argues that the trial court imposed an excessive sentence. More particularly, he argues that his sentence to life in prison at hard labor is excessive and that the trial court failed to articulate the factors listed in La.C.Cr.P. art. 894.1 to justify the sentence imposed. The State responds that the sentence imposed is not excessive.
The Eighth Amendment to the United States Constitution and Article 1, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992).
In reviewing a sentence for excessiveness, this Court must consider the punishment and the crime, in light of the harm to society, and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. State v. Bacuzzi, 97-573 (La. App. 5th Cir.1/27/98), 708 So.2d 1065, 1068-69.
The trial judge should state for the record the considerations taken into account and the factual basis for imposing sentence. However, where the record clearly shows an adequate factual basis for the sentence imposed, this court has held that remand is unnecessary. State v. Guidroz, 98-377 (La.App. 5th Cir. 10/14/98), 721 So.2d 480, writs denied, 98-2874 (La.2/26/99), 738 So.2d 1061.
Defendant was originally sentenced to serve twelve years in prison at hard labor with the first year to be served without benefit of parole, probation or suspension of sentence, the maximum sentence for the crime of which Defendant was convicted. La. R.S. 14:62.2. However, upon finding the Defendant to be a third felony habitual offender, the trial judge vacated the twelve year sentence and sentenced Defendant to life imprisonment at hard labor, without benefit of probation or suspension of sentence, the mandatory sentence. La. R.S. 15:529.1(A)(1)(b)(ii).
Nonetheless, during the sentencing hearing, the Defendant requested that the trial judge deviate from the mandatory sentence in accordance with State v. Dorthey, 623 So.2d 1276 (La.1993).
In Dorthey, the Louisiana Supreme Court held that the trial judge is empowered to deviate from a mandatory minimum sentence in a habitual offender proceeding. The Court stated:
If .... the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no `measurable contribution to acceptable goals of punishment' or that the sentence amounted to nothing more than `the purposeful imposition of pain and suffering' and is `grossly out of proportion to the severity of the *913 crime,' he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.
State v. Dorthey, 623 So.2d at 1280-1281.
In State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, the Louisiana Supreme Court further stated:
A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut the presumption of constitutionality. (Citations omitted).
State v. Johnson, 709 So.2d at 676.
In the present case, the Defendant pointed out that his armed robbery conviction (the crime of violence mandating the life sentence) occurred more than twenty-five years before his sentencing as a third felony offender. Further, the Defendant presented evidence at his original sentencing hearing that he had mental problems which led him to drugs and a life of crime. He argued that he needed help, not incarceration.
Although the Defendant's past history has some tragic events, it also depicts a life of continuous crime. While the Defendant was only billed as a third offender, the record indicates that he had been convicted of many other crimes and has spent most of his life in and out of prison, usually not out for more than a year, before committing another offense. Considering those factors, coupled with the violent predicate offense, and the presumption of constitutionality of the mandatory sentencing provision, we do not find that the trial court erred in failing to state for the record the considerations taken into account and his factual basis for imposing sentence or in refusing to deviate from the statutorily mandated sentence in this case when sentencing Defendant to life in prison. We do not find that the sentence, given the facts of this case, is constitutionally excessive. This assignment of error has no merit.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La. App. 5th Cir.1990). The review reveals no errors patent in this record.
Accordingly, for the reasons set forth above, we affirm the Defendant's conviction for simple burglary of an inhabited dwelling and his sentence, as a third felony habitual offender, to life in prison at hard labor, without benefit of parole, probation or suspension of sentence.
AFFIRMED.
NOTES
[1] State v. Bennett, 345 So.2d 1129 (La.1977).
[2] The arrest register lists the item number as H 1358275 and the bill of information lists the number as X-XXXXX-XX. From our review of the record, we find that the difference of the "7" and "H" was likely prompted by difficulty seeing the light print, was accidental and is harmless error.
[3] On the fingerprint card, the offense noted was transfer or possession of a stolen car. In the bill of information, the offense was referred to as theft of a 1978 Chevrolet Blazer.