834 So.2d 1229 (2002)
STATE of Louisiana
v.
Herbert A. PIERRE.
No. 02-KA-838.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2002.
Rehearing Denied February 3, 2003.
*1230 Bruce G. Whittaker, New Orleans, LA, for Appellant Herbert A. Pierre.
Paul D. Connick, Jr., District Attorney, State of Louisiana, Terry Boudreaux, Assistant District Attorney, Gretna, Louisiana, for Appellee State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and MARION F. EDWARDS.
JAMES L. CANNELLA, Judge.
The Defendant, Herbert Pierre, appeals his enhanced sentence of eighty years imprisonment as a habitual offender. We affirm and remand for notice of the post-conviction relief prescriptive period under La.C.Cr.P. art. 930.8.
The Defendant was charged in August of 2000 with burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2, and armed robbery, a violation of La.R.S. 14:64.[1] On September 6, 2001, after waiving his right to a jury, he was tried and convicted by the trial judge. He was subsequently sentenced to 12 years on the burglary of an inhabited dwelling conviction and 80 years on the armed robbery conviction.
The State then filed a Habitual Offender Bill of Information alleging the Defendant to be a second felony offender based on his present armed robbery conviction and a prior conviction for aggravated battery. The Defendant denied the allegations. At the hearing on April 10, 2002, the State introduced evidence of the Defendant's prior conviction and the testimony of a fingerprint analyst expert. The trial judge held the hearing open and, on April 12, 2002, found the Defendant to be a second felony offender and resentenced him. The trial judge vacated the Defendant's original sentence on the present armed robbery conviction and imposed an enhanced sentence of 80 years imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. The only issue on appeal is whether the sentence is excessive.
At approximately 2:00 p.m. on July 3, 2000, the Defendant entered the Regions Bank on Belle Chasse Highway He was wearing black pants, a black hat and black sunglasses. He waited in line and when he approached the window of teller Keokuk Wilson, he stated that he wanted to make a withdrawal. The Defendant laid a blue Wal-Mart bag, which had something red inside, on the counter and pulled up his shirt to reveal a gun tucked in his *1231 pants. Ms. Wilson started putting money into the bag at which time the Defendant pulled out his gun, pointed it at her, and told her not to press any buttons. However, unbeknownst to him, Ms. Wilson managed to press two buttons, one which activates a camera that takes still pictures and another that calls the police.
As the Defendant was leaving the bank, Ms. Wilson told her colleagues that she had been robbed. Gary Laigast, an employee of Regions Bank, saw the Defendant as he left the bank. Another employee indicated that she saw the Defendant run across Belle Chasse Highway and over the railroad tracks. Mr. Laigast looked out the window and saw the Defendant on the other side of the railroad tracks changing out of his black shirt into a red shirt and changing his pants. Mr. Laigast got into his car and drove towards the field where he had seen the Defendant. On a road near the field, Mr. Laigast watched the Defendant walking, holding a bag in his hand and wearing a red shirt and shorts. When the Defendant saw Mr. Laigast, the Defendant ran and jumped across a canal. Mr. Laigast then saw the Defendant jump over a fence and into the backyard of Marilyn Williams' house on Hickory Street.
Ms. Williams was in her swimming pool doing exercises when the police arrived at her house. Ms. Williams' allowed the police to search her home at which time the Defendant was found hiding under a bed in the guest bedroom. The Defendant was wearing a grey T-shirt with "Army" written across the front and grey sweat pants over a pair of shorts. Ms. Williams testified that the grey shirt and sweat pants belonged to her. She stated she had last seen the shirt in a basket on top of the washing machine in the garage and the pants had been hanging in a closet in one of the spare rooms. Approximately $8,000, the amount taken from the bank, was found in the left front pocket of the Defendant's shorts.
Defendant admitted at trial that he went into the house on Hickory Street and hid under the bed. He claimed that he went into the house because he saw a man with a gun on the street and he feared for his life. He denied that he had been in the Regions Bank on Belle Chasse Highway that day.
The Defendant alleges that his sentences are excessive and he asserts that the trial judge failed to articulate the factors which he considered in imposing the sentences. He also contends that he effectively received a life sentence, even though he is not dangerous, calculating or one of the worst offenders. He argues that his predicate offense of aggravated battery, which occurred nearly ten years ago, suggests a one-time loss of control rather than a substantial or protracted history of criminal wrongdoing.
The Defendant filed two separate motions for reconsideration of sentence. His first motion for reconsideration was filed the day of his original sentencing and his second motion was filed the same day on which he was resentenced as a habitual offender. In his motions, Defendant asserts that his sentences were excessive in that they violated the "United States Constitution, the Louisiana Constitution, all applicable statutes, and the Sentencing Guidelines set out by Legislative Enactment." Defendant also specifically claims that the trial judge failed to consider mitigating circumstances in imposing his sentences.
La.C.Cr.P. art. 894.1, provides that the sentencing court "shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.C.Cr.P. art. 894.1(C). However, when the trial judge fails to articulate *1232 every circumstance listed in La.C.Cr.P. art. 894.1, a remand is not necessary if there is an adequate factual basis for the sentence contained in the record. State v. Fairley, 02-168, p. 8 (La.App. 5th Cir.6/26/02), 822 So.2d 812, 817.
Both the United States and Louisiana constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. Amend. 8 La. Const. of 1974, Art. I, Sect. 20; State v. Richmond, 98-1015, p. 8 (La.App. 5th Cir.3/10/99), 734 So.2d 33, 38. A sentence is generally considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Richmond, 98-1015 at p. 8, 734 So.2d at 38; State v. Lobato, 603 So.2d 739, 751 (La. 1992). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. However, the sentence will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. Richmond, 98-1015 at p. 8, 734 So.2d at 38. The trial judge is afforded wide discretion in determining a sentence and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D); Richmond, 98-1015 at p. 8, 734 So.2d at 38. In making this determination, the sentencing judge may consider not only convictions, but also past criminal behavior that did not result in a conviction. State v. Anderson, 02-273, p. 7 (La.App. 5th Cir.7/30/02), 824 So.2d 517, 522; State v. Gilbert, 00-1822, p. 5 (La.App. 5th Cir.5/16/01), 788 So.2d 574, 577. Nonetheless, a sentence may be reviewed for excessiveness even though it is within statutory range. Richmond, 98-1015 at p. 8, 734 So.2d at 38.
The Defendant received the maximum sentence of 12 years for his burglary of an inhabited dwelling. He committed this crime in an attempt to escape capture after committing an armed robbery with a gun. The owner of the house was home, but was outside in the pool. The Defendant had a prior conviction for a crime of violence and was fleeing from another crime of violence at the time he committed the burglary. We find that the sentence is not excessive under these facts.
The Defendant received an enhanced sentence of 80 years imprisonment at hard labor for his armed robbery conviction. The sentencing range for armed robbery is imprisonment at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. For a second felony enhanced sentence, La.R.S. 14:64. La. R.S. 15:529.1(A)(1)(a) provides: "If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction." Thus, the range is 45½ to 198 years, and the 80 year sentence is within the statutory guidelines and less than half of the maximum.
When committing this armed robbery, the Defendant pointed a gun at the bank teller, placing her life and the lives of other employees and customers at risk. The teller was petrified. She had great difficulty testifying. In addition, the Defendant had a calculated escape plan, as evidenced by his change of clothes. In his attempt to flee, he unlawfully entered a woman's home, helped himself to her clothes, and hid under a bed. The Defendant's prior conviction, aggravated *1233 battery, and the armed robbery are crimes of violence. La.R.S. 14:2(13)(e) and (w). Furthermore, he was convicted in California in 1987 of crimes involving fraudulent tokens or counterfeit currency, and has a charge pending in Mississippi. Thus, he has committed at least two crimes of violence and has a history of other criminal conduct. Consequently, we find that the trial judge did not abuse his discretion in imposing an enhanced sentence of 80 years imprisonment.
PATENT ERROR
We have reviewed the record for patent errors pursuant to the Defendants request and in accordance with La.C.Cr.P. art. 920. See: State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Perrilloux, 99-1314 (La.App. 5th Cir.5/17/00), 762 So.2d 198.
The record reveals that the trial judge failed to advise the Defendant of the prescriptive period for post-conviction relief in accordance with La.C.Cr.P. art. 930.8, at either the original sentencing or the habitual offender sentencing. Thus, we will remand the case with an order for the trial judge to send written notice to the Defendant that his application for post-conviction relief must be filed no more than 2 years after the judgment of conviction and sentence has become final. The trial judge is to send this notification within ten days of the rendering of this opinion, then file written proof in the record that the Defendant received the notice. See: State v. Esteen, 01-879, p. 28 (La.App. 5th Cir.5/15/02), 821 So.2d 60, 78.
Accordingly, we hereby affirm the Defendant's convictions, sentence and enhanced sentence. We remand the case with an order to the trial judge to send to the Defendant, within ten days of the rendering of this opinion, written notice of the prescriptive period for post-conviction relief, and then to file written proof in the record that the Defendant received the notice.
CONVICTION AND SENTENCES AFFIRMED. CASE REMANDED FOR NOTICE OF POST-CONVICTION PRESCRIPTIVE PERIOD.
NOTES
[1] He was also charged with first-degree robbery, a violation of La.R.S. 14:64.1. He was not tried for this offense and the State nolle prosequied it following his sentences on the other two charges. Prior to the trial, he pled not guilty and filed numerous pre-trial motions, including a motion to appoint a sanity commission, which was appointed. A sanity hearing was heard and he was declared competent to stand trial.