710 So.2d 841 (1998)
STATE of Louisiana
v.
Kawan STACK.
No. 97-KA-1176.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1998.
*842 Bruce G. Whittaker, Louisiana Appellate Project, Gretna, for Defendant/Appellant Kawan Stack.
Paul D. Connick, Jr., Terry M. Boudreaux, Alison Wallis, Hans Sinha, District Attorney's Office, Parish of Jefferson, Gretna, for Plaintiff/Appellee State.
Before GRISBAUM, BOWES and CANNELLA, JJ.
BOWES, Judge.
The defendant, Kawan Stack, was convicted of two counts of intentional possession of stolen property valued at over five hundred dollars ($500.00) in violation of La. R.S. 14:69, and he was sentenced to serve seven years imprisonment at hard labor on each of the two counts, to run concurrently.
The state subsequently filed a multiple offender bill of information, and after proceedings the trial court adjudicated the defendant a triple felony offender. The trial judge vacated the defendant's previous sentence and, pursuant to La. R.S. 15:529.1, sentenced the defendant to an enhanced sentence of life imprisonment without benefit of probation, parole or suspension of sentence.
The defendant now appeals.

FACTS
Testimony from the state's witnesses established the following undisputed facts. On November 12, 1996, an apartment located at 4121 Lac Bienville, Apartment D, and inhabited by Ms. Ethel Cotton and Mr. Raymond Watson, was burglarized. Ms. Cotton filed a police report that same day regarding the burglary and the stolen property. Among other items, five rings and a cordless telephone belonging to Ms. Cotton were taken, and a 24 inch gold rope chain, a watch, and an amplifier belonging to Mr. Watson were taken as a result of the burglary. At the time of the burglary, the defendant was living at 4112 Lac Couture, Apartment C with his aunt and her husband. The defendant's aunt's apartment was located across the street from the victims' apartment.
On November 13, 1996, Detective Mark Berggren, employed with the Jefferson Parish Sheriff's Office, began investigating the burglary of Ms. Cotton's and Mr. Watson's apartment. In the course of his investigation he contacted Mr. Rick Weidenhaft[1] to inquire into whether the defendant was in possession of some of the goods stolen from Ms. Cotton and Mr. Watson. Following up his telephone conversation with Mr. Weidenhaft, Detective Berggren went to Mr. Weidenhaft's office, where he found the defendant, *843 who was wearing a ring depicting the face of Jesus Christ, a ring bearing the initials "E.L.C.," and a man's watch with a green face. These three items fit descriptions of some of the property stolen the day before from Ms. Cotton's and Mr. Watson's apartment. Thereafter, Officer Berggren took possession of the three items, and the defendant was taken to the police office.
Mr. Watson and Ms. Cotton went to the police office where they positively identified the two rings and the man's watch as items stolen from their apartment the previous day. They were given a property receipt reflecting that the following items were returned to them: a ring bearing Ms. Cotton's initials, E.L.C., valued at $130.00; a ring depicting the face of Jesus Christ, valued at $79.00; and a man's green-faced watch, valued at $200.00. The defendant was then arrested for possession of stolen goods and advised of his constitutional rights.
However, although he was advised of his rights, the defendant thereafter spoke with Ms. Cotton, who pled with the defendant to help her recover the rest of the items that were stolen from her apartment. The defendant told Ms. Cotton that he did not commit the burglary of her apartment, that he had bought the three items "hot" from a "clucker," and that he would try to help her recover the rest of her things as soon as he was released from jail. Officer Berggren testified that the term "clucker" referred to a drug addict who would do anything to obtain drugs.
Following the defendant's arrest, Officer Martin Dunn, employed with the Jefferson Parish Sheriff's Office, went to the defendant's residence, located at 4112 Lac Couture, Apartment C. Mr. Alfred Coleman, who was married to the defendant's aunt, answered the door and advised the officer that he was a resident of the apartment. After learning of the investigation involving the defendant, Mr. Coleman gave the officer permission to search the apartment.
Various items were recovered during the search of the bedroom inhabited by the defendant at 4112 Lac Couture, Apartment C. Ms. Cotton and Mr. Watson were given a property receipt reflecting that the following items were returned to them: a class ring, valued at $250.00; a ring set with blue and white stones, valued at $279.00; a ring set with a white stone, valued at $150.00; a 24 inch gold rope chain, valued at $200.00; an amplifier, valued at $320.00; and a Radio Shack cordless telephone, valued at $190.00.
At trial, photographs of all items were introduced into evidence. In addition, several pieces of the jewelry were introduced including Mr. Watson's watch, and Ms. Cotton's rings. The defendant did not offer any evidence.

ANALYSIS
On appeal, the defendant argues that the evidence was insufficient to support the verdicts of guilty as charged to two counts of possession of stolen property valued at over $500.00. The defendant contends that the state did not offer sufficient evidence to establish that the aggregate values of the goods were over $500.00 for both counts one and two.
In his brief, the defendant admits that various witnesses testified regarding the value of the items. However, he argues that because state witnesses were allowed to approximate the value of their property, and because no appraisals or receipts were introduced into evidence, the state did not offer sufficient proof to establish that the aggregate values of the misappropriated items amounted to $500.00 or more for both counts one and two.
The appropriate standard of review for determining the sufficiency of the evidence was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In Jackson, the Supreme Court explained that when assessing the sufficiency of the evidence, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. See also State v. Rosiere, 488 So.2d 965 (La.1986).
The Louisiana Supreme Court has stated:
It is the role of the fact-finder to weigh the respective credibilities of witnesses, *844 and this court will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluations under the Jackson standard of review.
State ex rel Graffagnino v. King, 436 So.2d 559, 563 (La.1983). It is not the function of the appellate court to assess the credibility of witnesses or to reweigh the evidence. State v. Rosiere, 488 So.2d 965, 968 (La.1986); State v. Sampson, 95-58 (La.App. 5 Cir. 5/30/95), 656 So.2d 1085, 1088, writ denied, 95-1665 (La.11/27/95), 663 So.2d 730.
The defendant was convicted of two counts of intentional possession of stolen property valued at over five hundred dollars ($500.00) in violation of La. R.S. 14:69 which states in pertinent part:
A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
B. (1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
Therefore, under the provisions of the statute, the state was required to prove that the value of the stolen property amounted to $500.00 or more.
In the present case, the state presented the uncontradicted testimony of the victims, Ms. Cotton and Mr. Watson, which established that the aggregate amounts of the stolen goods were five hundred dollars or more.[2] The state also entered pictures of all of the stolen items into evidence. The state even entered some of the stolen items themselves into evidence, under agreement that they would be returned to their rightful owners at the conclusion of the trial. The defendant did not cross-examine the victims on this issue.
Defendant alleges that the state did not provide competent evidence as to the value of the stolen property, as the only evidence offered was the testimony of the victims themselves.
Our Supreme Court has said that "Unless it is shown the owner lacks knowledge of the value of a movable, his testimony as to value is generally admissible, with its weight being left to the jury." State v. McCray, 305 So.2d 433, 435 (La.1974).
We note that our brethren in the Fourth Circuit in the case of State v. Hoskin, 605 So.2d 650, 652 (La.App. 4 Cir.1992) has ruled directly on this issue. In that case the court stated:
[W]e hold that when the degree of the crime is based on the value of the stolen property possessed, the self-serving testimony of the owner is sufficient [to establish the value of the stolen property] if it is clear and uncontradicted.
We agree with this holding.
In the proceeding before us, there was direct and unequivocal testimony from the victims as to the value of the property stolen. The defendant did not contradict this testimony, nor did he attempt to impeach the witnesses on this issue. Thus, considering favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the property stolen from Ms. Cotton and the property stole from Mr. Watson had an aggregate value of $500.00 respectively. Compare State v. Smith, 94-901, (La.App. 5 Cir. 8/28/96), 680 So.2d 95, 98. Accordingly, *845 we find defendant's allegations to be without merit.

ERRORS PATENT
The defendant also requests that we review the record for errors patent. We have done so in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983), and we find a patent error which requires that we vacate the sentence imposed pursuant to the multiple offender bill and remand for re-sentencing.
The record reflects that the multiple offender bill of information filed by the state failed to specify which of the defendant's convictions of May 22, 1997 the state was using for purposes of the multiple offender proceedings. Instead, the multiple offender bill of information refers to both of the defendant's May 22, 1997 convictions.[3] The trial judge then adjudicated the defendant a triple felony offender and, in her written reasons, again referred to both of the defendant's convictions of May 22, 1997.
During the sentencing proceeding on the multiple offender bill of information, the trial judge vacated "the first sentence" and imposed a sentence of life imprisonment, without benefit of parole, probation or suspension of sentence. Thus, it appears that the trial court vacated both of the seven years sentences originally imposed.
Pursuant to La. R.S. 15:529.1, only one count of a multi-count indictment/information can be used to enhance the penalty when the convictions were entered on the same day. State v. Brown, 95-124 (La.App. 5 Cir. 5/30/95), 656 So.2d 1070, 1076-1077; State v. McIntyre, 496 So.2d 1204, 1207 (La. App. 5 Cir.1986). In Brown, supra, the court further said:
... although it appears that the trial court imposed the enhanced sentence based on one count and not on all counts, that assumption cannot be stated with certainty. See State v. McIntyre, supra. Furthermore, because two of the counts arose from a single criminal episode, the defendant could not have been sentenced as a multiple offender on all counts. State ex rel. Porter v. Butler, 573 So.2d 1106, 1108 (La.1991). Convictions on more than one count entered on the same date should be treated as one conviction for purposes of the habitual offender statute. Id. Therefore, the enhanced sentence imposed must be vacated and the case remanded to the trial court for re-sentencing.
The same situation is present in this case. The offenses listed in counts one and two of the original bill of information were part of the same criminal episode which occurred on November 13, 1996 and, therefore, the defendant cannot be sentenced as a multiple offender on both counts. It is not clear from the record whether the trial judge enhanced the defendant's sentence on count one or count two of the original bill of information. Accordingly, pursuant to our dictate in State v. Brown, supra, we vacate the enhanced sentence imposed by the trial judge and remand the case for resentencing.

CONCLUSION
For the above discussed reasons, the defendant's convictions are affirmed. However, the defendant's sentence, imposed pursuant to the multiple offender proceedings, is vacated and the matter is remanded for resentencing.
CONVICTIONS AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.
NOTES
[1] Although it is not clear how the officer's investigation led him to suspect the defendant might have some of the stolen goods, out of the presence of the jury, both the defense and the prosecution referred to Mr. Wiedenhaft as the defendant's probation officer.
[2] Count one concerned Ms. Cotton's property. The lowest values introduced into evidence by the state for Ms. Cotton's property were as follows: a ring depicting the face of Jesus Christ, valued at $79.00; an initial ring, valued at $130.00; a class ring, valued at 250.00; a ring set with a white stone, valued at $130.00; a ring set with white and blue stones, valued at $150.00; and a cordless telephone, valued at $100.00.

Count two concerned Mr. Watson's property. The lowest values introduced into evidence by the state for Mr. Watson's property were as follows: a man's watch, valued at $200.00; a gold chain, valued at $200.00; and an amplifier, valued at $320.00.
[3] The multiple offender bill of information reads in pertinent part:

... with the crime of violating Louisiana Revised Statute 14:69B, POSSESSION OF STOLEN PROPERTY (2 COUNTS), a felony under the law of Louisiana, that afterwards, on the 22 nd day of MAY, 1997 the accused was placed on trial before a petit jury; and, after due proceedings had, a verdict of Guilty of Louisiana Revised Statute 14:69B, POSSESSION OF STOLEN PROPERTY (2 COUNTS) was determined by the said jury against the defendant; (Emphasis added).