JjCHEHARDY, Judge.
On October 14, 1997, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant, Ronnie J. Noel, with distribution of cocaine, a violation of La. R.S. 40:967(A). Defendant was arraigned on October 29, 1997, at which time he plead not guilty. On April 22, 1998, pursuant to a Boykin[1] colloquy, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged. On that date, the trial court sentenced defendant to serve fifteen years at hard labor. Also on that date, the state filed a multiple offender bill of information pursuant to La. R.S. 15:529.1, alleging defendant to be a second felony offender.
On April 29, 1998, defendant made a pro-se oral motion to withdraw his guilty plea, which the trial court denied. Apparently upset that he was not allowed to withdraw his guilty plea, defendant threw a courtroom microphone on the floor, resulting in the trial court sentencing defendant to thirty days in jail for contempt of court. After taking up other matters on the docket, defendant, while still in the courtroom, cursed at a state prosecutor, resulting in the trial court imposing an additional six month sentence for contempt of court.
On May 7, 1998, the trial court held a hearing on the multiple offender bill of information. After considering the evidence presented, the trial court found defendant to be a multiple offender. The trial court vacated defendant’s previous fifteen year sentence and | are-sentenced defendant to fifteen years at hard labor without benefit of parole, probation or suspension of sentence. The court also ordered defendant’s prior contempt of court sentences to run consecutively with defendant’s fifteen year sentence on the multiple bill conviction. This appeal ensued.
In his only assignment of error, defendant argues that the trial court erred in adjudicating him a second felony offender because the state failed to offer adequate proof at the multiple bill hearing of defendant’s identity as the person convicted of the predicate offense. Defendant further argues that because neither the Boykin transcript nor a waiver of rights form from the predicate offense was introduced by the state at the multiple bill hearing, the state failed to meet its burden of proving that defendant’s prior guilty plea was a knowing and voluntary waiver of his rights.
In order to prove a defendant is a multiple offender, the state need only establish by competent evidence that there is a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092 (La.1982); State v. Metoyer, 612 So.2d 755 (La.App. 5 Cir. 1992).
In the matter before us, in the multiple bill of information, the state alleged that in addition to pleading guilty to the instant offense of distribution of co *170 caine on April 22, 1998, defendant also plead guilty to armed robbery on May 22, 1985, in case number 85-741 in the 24th Judicial District Court, Division “D,” State of Louisiana versus Ronnie J. Noel. At the multiple bill hearing on May 7, 1998, the state offered the testimony of Captain Merril Boling, an expert in fingerprint analysis with the Jefferson Parish Sheriffs Office. Captain Boling took a set of fingerprints from defendant in court prior to the hearing. He compared them with state’s exhibit number two, which included a set of fingerprints on a fingerprint card taken in 1990, and testified that the two sets of fingerprints were from the same person.
On appeal, defendant alleges that the fingerprint card contained in state’s exhibit number two, which is a certified copy of the Louisiana Department of Public Safety and Corrections records on Ronnie J. Noel, was not sufficient evidence to link him to the predicate conviction. The gist of defendant’s argument is that the fingerprint card in state’s Lexhibit number two was made five years after defendant’s plea and conviction in the predicate offense, and does not list the case number of the predicate offense, 85-741. However, a cursory review of state’s exhibit number two reveals that the fingerprint card contains the same name, race, sex, date of birth, Social Security number, L.S.P. (Louisiana State Prisoner) number, F.B.I. number, S.I.D. (State Identification) number, and the signature of defendant herein, Ronnie J. Noel. The fingerprint card also references defendant’s date of commitment, the statute with which defendant was charged and convicted, and the term of defendant’s sentence, all of which match the information contained in state’s exhibit number one, a certified copy of the pertinent court records in 24th Judicial District Court case number 85-741, Division “D,” State of Louisiana versus Ronnie J. Noel. Furthermore, in addition to listing all of the above pertinent information, the master prison record contained in state’s exhibit number two also lists defendant’s sentencing date, his crime, his term of sentence, as well the Parish, Court, division and case number (85-741) in which he was convicted. Clearly, the state carried its burden at the multiple bill hearing of proving that defendant is the same person who pled guilty to armed robbery in case number 85-741. See State v. Simmons, 95-309 (La.App. 5 Cir.10/18/95), 663 So.2d 790.
On appeal, defendant also alleges that the state failed to prove at the multiple bill hearing that defendant’s 1985 guilty plea in the predicate offense was a knowing and voluntary waiver of his constitutional rights. La. R.S. 15:529.1(D)(l)(b) provides in pertinent part that if the person charged as a multiple offender
claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
In the matter before us, the record reflects that defendant did not file a written response to the multiple bill of information. The record further reflects that defendant failed Isto object at the multiple bill hearing to the absence of the Boykin transcript of his guilty plea in the predicate offense. Citing La. R.S. 15:529.1(D)(1)(b) and the Supreme Court’s holding in State v. Windham, 630 So.2d *171 688 (La.1993), we have held that in the absence of a written response to the multiple bill or a contemporaneous objection at the multiple offender hearing to the state’s failure to produce the prior Boykin transcript, a defendant may not complain for the first time on appeal that the predicate offense conviction was somehow invalid. State v. Bell, 97-1134 (La.App. 5 Cir.2/25/98), 709 So.2d 921, 926, writ denied, 98-0792 (La.9/16/98), 721 So.2d 477.
Because defendant did not file a written response to the bill of information alleging him to be a second offender, and because he did not challenge his predicate offense on the basis of the state’s failure to produce his prior Boykin transcript at any túne before his sentence on the multiple bill was imposed, he cannot now raise the sufficiency of the predicate offense to attack his sentence as a multiple offender. State v. Hardy, 98-25 (La.App. 5 Cir.5/13/98), 715 So.2d 466; State v. Bell, supra.
Moreover, contrary to defendant’s assertions on appeal, the waiver of rights form from defendant’s previous conviction in case number 85-741, signed by defendant, his attorney, and the trial judge, was offered into evidence as state’s exhibit number one during the multiple bill hearing. This evidence is sufficient to show that defendant knowingly and voluntarily waived his rights on a prior occasion. State v. Bell, supra. Defendant did not produce any evidence at the multiple bill hearing to show any type of irregularity or unconstitutionality of his prior guilty plea. Accordingly, defendant’s claim that his pri- or guilty plea was not adequately proven to be a knowing and voluntary waiver of his constitutional rights is without merit.
Finally, pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent, and none are noted. Therefore, for the foregoing reasons, defendant’s conviction and sentence are hereby affirmed.

AFFIRMED.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).