767 So.2d 848 (2000)
STATE of Louisiana
v.
Graylyn JACKSON.
No. 99-KA-1256.
Court of Appeal of Louisiana, Fifth Circuit.
July 25, 2000.
*850 Harry J. Morel, Jr., District Attorney, Kim K. McElwee, Assistant District Attorney, Hahnville, Louisiana, Attorneys for Appellee.
Carey J. Ellis, III, Rayville, Louisiana, Attorney for Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
EDWARDS, Judge.
Defendant/appellant Graylyn Jackson appeals the judgment of the trial court finding him guilty of eight counts of armed robbery in violation of LSA-R.S. 14:64. Jackson was accused of orchestrating the armed robbery of a card game held at the apartment of his girlfriend and co-defendant, Kayyonna Hayes. Jackson alleges that the State did not produce sufficient evidence to support the conviction of armed robbery and that the trial court imposed an excessive sentence. For the following reasons, we affirm in part and modify in part, vacating the conviction on count four and reducing it to attempted armed robbery. The case must be remanded for re-sentencing on count four of the original sentence, remanded for resentencing on the habitual offender bill of information for excessive sentence and remanded with instructions on post-conviction relief.
On the night of October 9, 1998, twelve to fourteen women were engaged in a card game at the apartment of Kayyonna Hayes. Late in the evening, two men later identified as co-defendants Travis Frank and Colin Duhe entered the apartment wearing disguises over their faces. The men pointed handguns at the women and demanded money. Carla Allen, one of the hosts of the party, replied that she had no money. The two men took money and jewelry from several of the women before fleeing the scene.
Erica Hill, one of the victims, followed the two gunmen out of the apartment. She observed them jump into the car owned by Kayyonna Hayes, which was being driven by Graylyn Jackson. Hill then called the police and reported the robbery.
Jackson, Duhe, Frank and a fourth man, Bernell Perrilloux, split the cash stolen from the women. After dropping Frank off at home, the remaining three men were involved in a high-speed chase with a member of the St. John the Baptist Parish Sheriff's Office. The three men dumped the car and fled on foot. The car was impounded.
On October 10, 1998, Jackson was arrested in connection with the robbery. He was charged with thirteen counts of armed robbery in violation of LSA-R.S. 14:64. Duhe and Frank turned themselves in to the police and gave recorded statements implicating that Jackson was not only involved in the robbery, but that he planned it and gave them the weapons.
On May 11, 1999 a twelve-person jury was empaneled and the case went to trial before the Honorable Kirk R. Granier of the Twenty-Ninth Judicial District Court. The State dismissed counts 3, 5, 9, 10 and 13 of the bill of information, leaving eight counts of armed robbery. At the conclusion of the trial on May 12, 1999, the jury returned a verdict of guilty as charged to the eight counts of armed robbery in violation of LSA-R.S. 14:64.
On August 17, 1999, the trial court sentenced Jackson to forty-nine (49) years at *851 hard labor on each count, without benefit of probation, parole or suspension of sentence. The sentences were to be served concurrently. On that same day, the State filed a habitual offender bill of information alleging Jackson to be a second felony offender.
On October 12, 1999, the trial court held the habitual offender hearing, finding Jackson to be a second felony offender. On October 14, 1999, the trial court vacated Jackson's original sentences, imposing enhanced sentences of sixty-five (65) years at hard labor on each count, without benefit of probation, parole or suspension of sentence. The sentences were ordered to be served concurrently. Jackson filed a motion for appeal which was subsequently granted by the trial court. The matter is now before this Court for review.

LAW AND ANALYSIS
Jackson alleges five assignments of error on appeal. In his first assignment of error, Jackson alleges that the State failed to present sufficient evidence to support the verdict, a conviction of armed robbery. In his second assignment of error, Jackson alleges that the trial court erred in allowing the State to prosecute him for multiple counts of armed robbery all of which occurred during a single act or transaction, which subjected him to double jeopardy. In his third assignment of error, Jackson alleges that the trial court erred by imposing an excessive sentence. In his fourth assignment of error, Jackson alleges that there was insufficient evidence in the habitual offender proceeding to demonstrate that the predicate offense was based upon the existence of a prior valid guilty plea by him while he was represented by counsel. In his fifth and final assignment of error, Jackson alleges that the trial court erred by failing to file written findings as to the habitual offender proceeding.
In his first assignment of error, Jackson alleges that the State failed to present sufficient evidence to support the verdict, a conviction of armed robbery. The appropriate standard of review for determining the sufficiency of the evidence was set forth in Jackson v. Virginia.[1] In Jackson, the Supreme Court explained that when evaluating the sufficiency of the evidence, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] The reviewing court must decide, after viewing the direct and circumstantial evidence in the light most favorable to the prosecution, whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt.[3]
When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."[4] The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt.[5]
Proof of armed robbery requires a showing that the defendant took something of value from another, while armed with a dangerous weapon.[6] A person need not hold the weapon or perform *852 the taking to be guilty of armed robbery under the law of principals.[7] Several courts have found that an individual who drives the getaway car is a principal.[8] However, an individual may only be convicted of those crimes for which he has the requisite mental state.[9]
Jackson was the driver of the getaway car. While he did not actually participate in the armed robbery, he was a principal to the action. Duhe and Frank provided evidence of Jackson's involvement in the crime. Several of the victims provided circumstantial evidence that Jackson and Hayes had planned the crime. When viewed in the light most favorable to the prosecution, the combination of direct and circumstantial evidence is sufficient to convict Jackson of the crime of armed robbery.
A sufficiency problem not affirmatively raised by Jackson has been found in the record. The Louisiana Supreme Court has recognized insufficiency in the evidence at trial although the defendant failed to affirmatively raise it on appeal.[10]
Count four of the bill of information alleges that Jackson committed an armed robbery on Carla Allen. The jury rendered a verdict of guilty as charged as to that count. Allen did not testify at trial, and there is no evidence in the record to show that anything of value was taken from her. In fact, the testimony of several witnesses, including Frank, Duhe, Wendy Moses, Tyra Hill and Andrea Pierre indicates that Allen refused to give the gunmen her money even after they repeatedly demanded it of her. Since the evidence is insufficient to prove armed robbery as to count four, but is sufficient to prove an attempted armed robbery, this Court shall modify the verdict by rendering a judgment of conviction for attempted armed robbery as to count four of the bill of information.[11] The matter must be remanded to the trial court for re-sentencing on this conviction.
In his second assignment of error, Jackson alleges that the trial court erred in allowing the State to prosecute him for multiple counts of armed robbery all of which occurred during a single act or transaction, which subjected him to double jeopardy. The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Similar protections are offered by Article I, § 15 of the Louisiana Constitution. Protection against double jeopardy is divided into three basic guarantees: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishment for the same offense.[12]
When evaluating double jeopardy claims, Louisiana courts have relied primarily on the "same evidence" test.[13] The courts have not established a "same transaction" test which would prohibit, on double jeopardy grounds, prosecution for different crimes committed during one sequential and continuing course of conduct.[14] *853 An accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the principle of double jeopardy.[15]
Jackson argues that the robberies with which he was charged were not separate and distinct offenses. The trial court held that each victim and whatever was taken from her were separate elements of each offense charged. LSA-R.S. 14:64 defines armed robbery as a taking of anything of value, by use of force or intimidation, from the person of another. Each count of the bill of information in this case alleged the armed robbery of a different individual, and thereby charged Jackson with thirteen distinct offenses. A separate act and separate intent were required as to each victim and different evidence was needed to prove each of the charges. Jackson was not subjected to double jeopardy. This assignment of error is without merit and the judgment of the trial court must be affirmed.
In his third assignment of error, Jackson alleges that the trial court erred by imposing an excessive sentence. He complains that his eight concurrent habitual offender sentences of sixty-five (65) years each are excessive.
The Court will not address the issue of excessive sentences because the sentences are illegal. Pursuant to LSA-R.S. 15:529.1, a defendant may not be sentenced as a habitual offender on more than one count of a multi-count indictment or information, where the counts arise from the same criminal episode.[16] The counts should be treated as one for purposes of the habitual offender statute.[17]
The victims in the instant case were robbed simultaneously. All eight counts of which Jackson was convicted were therefore part of the same criminal episode, and only one count could legally be enhanced. The enhanced sentences imposed must be vacated, and the case remanded to the trial court for re-sentencing. It is noted that Jackson did not raise the issue of the improper enhancement of his sentences, but this Court will recognize the illegal sentences as errors patent.[18]
In his fourth assignment of error, Jackson alleges that there was insufficient evidence in the habitual offender proceeding to demonstrate that the predicate offense was based upon the existence of a prior valid guilty plea made by him while he was represented by counsel. Jackson alleges that the State failed to prove the validity of the prior guilty plea, and that he was represented by counsel at that plea as required by law.[19]
Jackson concedes, and the record reveals, that he did not file a written response to the habitual offender bill of information as required by LSA-R.S. 15:529.1D(1)(b). Nor did he raise an oral objection to the evidence produced by the State during the habitual offender proceedings. Because Jackson did not challenge his predicate offense on the basis of the State's failure to produce his prior guilty plea transcript at any time before his enhanced sentences were imposed, he may not now raise the sufficiency of proof as to the predicate offense.[20] *854 This assignment of error is without merit and the judgment of the trial court must be affirmed.
In his fifth and final assignment of error, Jackson alleges that the trial court erred by failing to file written findings as to the habitual offender proceeding. LSA-R.S. 15:529.1D(3) provides that the court shall provide written reasons for its determination on a habitual offender bill. The trial court issued no written findings in this case.
Jackson has not proven that he was prejudiced by the trial court's failure to issue written reasons. This Court has previously held that the trial court's failure to provide written reasons for the habitual offender adjudication was harmless error, where the trial court had orally given sufficient basis for its ruling.[21] The trial court in this case adequately stated the reasons for its determination in open court. This assignment of error is without merit and the judgment of the trial court must be affirmed.
The record was reviewed for errors patent.[22] The review reveals three patent errors, two of which have been addressed previously. The following matter must be corrected by the trial court.
Two errors patent, the insufficient evidence as to count four of the bill of information and the trial court's imposition of the illegal habitual offender sentences, have been discussed above. It is further noted that the trial court failed to properly advise Jackson of the time limitation for filing an application for post-conviction relief.
At the sentencing hearing, the trial court informed Jackson that he had three years to apply for post-conviction relief. An amendment to article 930.8, effective on August 15, 1999, shortens that prescriptive period. See 1999 La. Acts 1262. The amended article provides, in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
* * *
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
The application of the amended prescriptive period in Jackson's case would not violate ex post facto prohibitions, as the article itself does not relate to an offense or its punishment.[23] It is the opinion of this Court that the trial court must send written notice of the amended prescriptive period (along with notification of when the period begins to run) to Jackson within ten (10) days of the rendering of this opinion, then filing written proof in the record that he received said notice.[24]
In summary, it is the opinion of this Court that the jury did not err in finding Jackson guilty on seven of the eight counts of armed robbery in violation of LSA-R.S. 14:64. The jury did err in finding Jackson guilty of armed robbery on count four of the bill of information, the armed robbery of Carla Allen. The record reflects that *855 the evidence presented at trial was sufficient to convict Jackson of the attempted armed robbery of Carla Allen in violation of LSA-R.S. 14:27:64. The case must be remanded to the trial court for re-sentencing on count four in accordance with LSA-R.S. 14:27(D)(3) and 14:64. The trial court erred by imposing illegal sentences on Jackson in violation of LSA-R.S. 15:529.1. The case must be remanded for re-sentencing on the habitual offender sentences. In all other matters, the judgment of the trial court must be affirmed.
AFFIRMED IN PART, MODIFIED IN PART AND REMANDED FOR RESENTENCING WITH INSTRUCTIONS.
NOTES
[1] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[2] Id.
[3] State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922; cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722; State v. Holmes, 98-490 (La.App. 5th Cir. 3/10/99), 735 So.2d 687.
[4] State v. Guccione, 96-1049 (La.App. 5th Cir. 4/29/97), 694 So.2d 1060; writ denied, 97-2151 (La.3/13/98), 712 So.2d 869.
[5] Id. at 1067.
[6] LSA-R.S. 14:64.
[7] LSA-R.S. 14:24; State v. Bordenave, 93-1682 (La.App. 4th Cir. 8/23/95), 660 So.2d 1207; writ granted, 95-2328 (La.2/2/96), 666 So.2d 1095; reversed on other grounds, 95-2328 (La.4/26/96), 678 So.2d 19.
[8] See State v. Valrie, 99-226 (La.App. 3rd Cir. 10/13/99), 749 So.2d 11.
[9] State v. Hopson, 98-943 (La.App. 5th Cir. 3/30/99), 735 So.2d 81; writ denied, 99-1315 (La.11/12/99), 749 So.2d 650.
[10] State v. Raymo, 419 So.2d 858 (La.1982).
[11] See LSA-C.Cr.P. art. 821E.
[12] North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Smith, 95-0061 (La.7/2/96), 676 So.2d 1068.
[13] State v. Bridgewater, 98-658 (La.App. 5th Cir. 12/16/98), 726 So.2d 987; State v. Jackson, 96-661 (La.App. 5th Cir. 4/9/97), 694 So.2d 440; writs denied, 97-1050 (La.10/13/97), 703 So.2d 609; 97-1255 (La.10/13/97), 703 So.2d 612.
[14] State v. Bridgewater, supra at 991.
[15] Id.; See also, State v. Washington, 95-771 (La.App. 5th Cir. 2/14/96), 670 So.2d 1255; writ denied, 98-0537 (La.9/25/98), 726 So.2d 7.
[16] State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991); State v. Stack, 97-1176 (La. App. 5th Cir. 4/15/98), 710 So.2d 841.
[17] Id.
[18] See State v. Stack, supra.
[19] State v. Shelton, 621 So.2d 769 (La.1993).
[20] State v. Noel, 98-1062 (La.App. 5th Cir. 4/27/99), 734 So.2d 168; State v. Richmond, 98-1015 (La.App. 5th Cir. 3/10/99), 734 So.2d 33. See also, State v. Windham, 630 So.2d 688 (La.1993).
[21] State v. Perkins, 99-1084 (La.App. 5th Cir. 1/25/00), 751 So.2d 403.
[22] LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
[23] See State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189.
[24] State v. Stelly, 98-578 (La.App. 5th Cir. 12/16/98), 725 So.2d 562.