| .EDWARDS, Judge.
Defendant/Appellant, Graylyn Jackson, appeals the judgment of the trial court sentencing him to 49 years at hard labor without benefit of parole, probation, or suspension of sentence on each of his seven counts of armed robbery, and 25 years without benefit of parole, probation, or suspension of sentence on one count of attempted armed robbery. Jackson alleges, among other things, that his imposed sentence is constitutionally and statutorily excessive. For the following reasons, we affirm.
This case is before the Court on a second appeal. Defendant, Graylyn Jackson, was convicted of eight counts of armed robbery after a jury trial in St. Charles Parish. Subsequent to trial, he was found to be a second felony offender. On October 14, 1999, the trial court imposed an enhanced sentence of 65 years at hard labor on each count, without benefit of parole, probation, or suspension of sentence. The trial court further ordered that the sentences be served concurrently. | aJackson appealed his convictions and sentences to this Court. As a result of Jackson’s first appeal, we remanded the case to the trial court for re-sentencing as to Count Four of his conviction, and for correction of the illegal habitual offender sentences.[1]
On September 1, 2000, the State withdrew its habitual offender bill and, on that same day, the trial court re-sentenced Jackson to 25 years at hard labor on Count Four, without parole, probation, or suspension of sentence. The court also re-sentenced Jackson as a first felony offender to 49 years at hard labor on each count of armed robbery, without benefit of parole, probation, or suspension of sentence. The judge ordered that the sentences run concurrently to each other.
As the underlying facts of Jackson’s conviction are not at issue in this present appeal, we will refer to our summation of these, which were outlined in our previous opinion.[2]
In his only assignment of error, Jackson now challenges his newly imposed sentence as constitutionally and statutorily ex *723 cessive. Jackson further argues that he was deprived of his right to due process when he was re-sentenced as a first felony offender after the State withdrew its habitual offender bill of information. He complains that he must now serve a longer term of imprisonment than he would have under the habitual offender sentence. Jackson raised these issues in a timely Motion to Reconsider Sentence, and is, therefore, entitled to appellate review of his sentences.[3]
Jackson’s first argument relates to parole eligibility under both the armed | jobbery statute and habitual offender statutes. LSA-R.S. 14:64 must be imposed without benefit of parole, probation, or suspension of sentence. A sentence under the Habitual Offender Law, except under certain circumstances where the defendant is a third or fourth offender, must be imposed without benefit of probation or suspension of sentence.[4] Jackson argues that he was entitled to parole eligibility when sentenced under the Habitual Offender Law, but that he was not eligible for parole under the armed robbery statute. He reasons, therefore, that when the State withdrew the habitual offender bill of information, he was subjected to a more severe sentence than that which had been imposed earlier when he was found to be a second felony offender. Jackson’s argument on this point is without merit.
Where a defendant is sentenced as an habitual offender, “[t]he penalty increase is computed by reference to the sentencing provisions of the underlying offenses. Similarly, the conditions imposed on the sentence are those called for in the reference statute.”[5] Because the court was compelled to follow the sentencing provisions in the armed robbery statute, Jackson was not eligible for parole either as a first felony offender or an habitual offender.
The trial court originally sentenced Jackson as a second felony offender to 65 years at hard labor on each count without benefit of parole, probation or suspension of sentence. On remand, the trial court sentenced him as a first felony offender to 49 years at hard labor on each count, without benefit of parole, probation, or suspension of sentence, and again ordered that all sentences be served concurrently. Jackson’s current sentences are not, as he claims, greater than those imposed under |fithe Habitual Offender Law. To the contrary, they are, in fact, far less than the enhanced sentences. Based on the foregoing, we cannot say that Jackson’s due process rights were violated.
Jackson next contends that his sentences constitute cruel and unusual punishment. The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.[6] In reviewing a claim of constitutional excessiveness, the appellate court must consider the punishment and the crime, in light of the harm to society, and gauge whether the penalty is so disproportionate as to shock the sense *724 of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence.[7]
At the time that Jackson committed the instant offenses, the sentencing range for armed robbery was five to ninety-nine years. His sentences of forty-nine years each fall in the middle of that range. Moreover, his sentences are to run concurrently. While concurrent sentences are favored for offenses that are part of the same transaction, the trial court would have been well within its discretion had it ordered that the sentences be served consecutively.[8]
It is apparent from the evidence produced at trial that, although three others were involved in committing the charged offenses, Jackson was the one who | ^orchestrated the. scheme. He gave Colin Duhe and Travis Frank guns and masks, and instructed them as to what they should do in order to successfully complete the robberies. These two men did not injure any of the victims, but they did terrorize, threaten, and humiliate them in the course of the robberies. Jackson then drove the two gunmen away from the scene of the crime, and later led police officers on a high speed chase before he was captured. He, himself, kept the bulk of the money and valuables taken in the robberies. Considering the number of victims involved and the extent of his involvement in planning the robberies, it does not appear that Jackson’s sentences are disproportionate to the offenses for which he was convicted.[9]
Jackson further complains that his sentences are statutorily excessive, in that the trial court failed to follow the guidelines set forth in LSA-C.Cr.P. art. 894.1. That article lists various aggravating and mitigating circumstances to be considered by the trial judge when sentencing a criminal defendant. The record must show adequate consideration of these criteria.[10] The trial court need not list every aggravating and mitigating factor as long as the record reflects adequate consideration of the guidelines.[11] Remand is unnecessary when a sufficient factual basis for the sentence is shown in the record.[12]
At Jackson’s original sentencing on August 17, 1999, the trial court gave extensive reasons for the sentences imposed and referenced those reasons when he re-sentenced Jackson as a first-time felony offender on September 1, 2000. The trial judge also stated that he had reviewed Jackson’s pre-sentence investigation report |7and found him in need of correctional treatment in a custodial environment, and stated that a lesser sentence would deprecate the seriousness of Jackson’s crimes.
As aggravating factors, the trial judge cited the fact that Jackson was the organizer and instigator of the armed robberies, that there were eleven people present during the commission of the robberies, *725 and that Jackson knowingly created a risk of death or injury to more than one person. The trial court also considered the substantial economic loss to the victims. The trial court further reviewed Jackson’s criminal history, and noted that he had a prior felony conviction, along with six arrests for various felonies and misdemeanors.
The trial judge also stated, “The Court has reviewed the mitigating factors in Louisiana Code of Criminal Procedure Article 894.1 Numbers 22 through 32, and I cannot find any of those mitigating factors in your behalf.” The trial judge noted, however, that he had considered several letters written on Jackson’s behalf by various members of the community.
It is evident from the record that the trial court carefully and properly considered the guidelines under article 894.1. Jackson’s claim of statutory excessiveness is unsupported. Based on the foregoing, the judgment of the trial court must be affirmed.
The record was reviewed for errors patent.[13] The review revealed no patent error in this case.
In summary, it is the opinion of this Court that the sentence passed upon Jackson by the trial court is not excessive, nor does the imposed sentence constitute cruel and unusual punishment. The trial court was compelled to follow the |ssentencing provisions in the armed robbery statute during sentencing, and, therefore, Jackson was not eligible for parole either as a first felony offender or an habitual offender. Furthermore, the sentence that Jackson received was well within the permissible range set forth in the statute effective at the time of his sentencing. Accordingly, based on the foregoing, judgment of the trial court must be affirmed.
AFFIRMED.

. State v. Jackson, 99-1256 (La.App. 5 Cir. 7/25/00), 767 So.2d 848.

. State v. Jackson, 767 So.2d at 850.

. LSA-C.Cr.P. art. 881.1.

. LSA-R.S. 15:529.1G

. State v. Taylor, 99-385, pp. 8-9 (La.App. 5 Cir. 8/31/99), 743 So.2d 749, 754. (quoting State v. Bruins, 407 So.2d 685, 687 (La.1981) and State v. Rowell, 98-780 (La.App. 5 Cir. 2/10/99), 729 So.2d 71, 74).

. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Breaux, 00-236, p. 14 (La.App. 5 Cir. 8/29/00), 767 So.2d 904, 912.

. State v. Borroso, 99-1297, p. 14 (La.App. 5 Cir. 5/17/00), 762 So.2d 206, 215.

. LSA-C.Cr.P. art. 883; State v. Williams; 98-1146, p. 23 (La.App.): 5 Cir. 6/1/99), 738 So.2d 640, 656, writ denied, 99-1984 (La.1/7/00), 752 So.2d 176.

. Compare State v. Palmer, 00-0216 (La.App. 1 Cir. 12/22/00), 775 So.2d 1231.

. State v. Smith, 433 So.2d 688, 698-699 (La.1983); State v. Isenogle, 99-1269, p. 12 (La.App. 5 Cir.4/25/00), 761 So.2d 95, 102, writ denied, 00-1454 (La.3/9/01), 786 So.2d 115.

. State v. Barroso, 99-1297 at p. 15, 762 So.2d at 215.

. State v. Lanclos, 419 So.2d 475, 478 (1982).

. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990).