778 So.2d 1167 (2001)
STATE of Louisiana
v.
Darryl D. PARKER.
No. 00-KA-1365.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2001.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, Attorney for Defendant/Appellant, Darryl D. Parker.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Assistant District Attorney, Gretna, LA, Attorneys for Plaintiff/Appellee, The State of Louisiana.
Panel composed of GOTHARD, CHEHARDY, JJ., and GULOTTA, pro tempore.
CHEHARDY, Judge.

STATEMENT OF THE CASE
On November 9, 1999, the Jefferson Parish District Attorney filed a bill of information charging defendant, Darryl D. Parker, with one count of simple burglary in violation of La. R.S. 14:62. At his arraignment on November 16, 1999, defendant pled not guilty. On April 26, 2000, a six-member jury was selected and trial was held. At the conclusion of the trial, a unanimous jury found defendant guilty as charged. On May 8, 2000, the trial court sentenced defendant to imprisonment at hard labor for a term of twelve years. The trial court ordered that this sentence be served consecutively with any other sentence that defendant may presently be serving. Defendant has appealed his May 8, 2000 sentence herein.
On the day of sentencing, the state filed a multiple offender bill of information alleging that defendant was a third felony offender. Defendant denied the allegations in the multiple offender bill. On October 5, 2000, a multiple offender hearing was held in the trial court. Defendant was found to be a multiple offender. On October 6, 2000, *1168 the trial court vacated defendant's May 8, 2000 sentence and re-sentenced defendant as a multiple offender. Defendant filed a notice of appeal concerning the multiple offender proceeding on October 12, 2000, which was granted on October 23, 2000. The matter before us today only concerns defendant's conviction and sentence for simple burglary.

FACTS
On the morning of September 20, 1999, Marlon Wing was working as a truck driver for Brown's Velvet. That morning, at approximately 2:30 a.m., Wing was picked up for work by a co-worker. On their way to work, they went to Wing's fiancé's house. As they approached her house, Wing noticed defendant looking inside his fiancé's car, which was parked on the street. The car's passenger window had been smashed. As the truck got closer to the car, defendant walked away from the car, got on a bicycle, and rode away.
Wing testified that he recognized defendant because he knew him from the neighborhood for the past ten to twenty years. After defendant rode off, Wing knocked on his fiancé's door and told her to call the police. Wing described defendant and the clothing he was wearing to his fiancé, who gave this information to the police on the phone. Later that day, Wing met with a detective and viewed a photographic lineup. Wing identified defendant as the person he saw with his head inside his fiancé's car.
Wing's fiancé, Andrea Delotte, testified that on the morning of the burglary, she was awaken by Wing knocking on her door to tell her that her car had been broken into. She testified that the last time she had seen her car was about 8:30 the previous night. At that time, her car was locked and its windows were intact. After Wing woke her up, she saw that the glass had been broken out on the passenger side and the window frame was broken. She testified that defendant did not have permission to enter her car or to break her window.
Deputy Kurt Sanderson of the Jefferson Parish Sheriffs Office responded to Delotte's call. Upon arrival, he noted a car with the side window broken out. On the ground next to the broken window, he noticed a pair of pliers. After speaking with Delotte, Sanderson put defendant's description out over the radio, to which Sergeant Mike Jones responded. Sergeant Jones proceeded to the area and observed a suspect riding a bicycle and fitting the description that Sanderson had reported. Jones identified defendant as the suspect he saw on the bicycle. Jones exited his vehicle and told the suspect to stop. The suspect did not stop and rode his bicycle around a corner.
On September 20, 1999, Detective Chris Gorman and Sergeant Mark Berggren were conducting a rolling surveillance in the area where Delotte's car was broken into. While conducting the surveillance, they received the call that a vehicle burglary was in progress and they received a description of the suspect. After hearing the call, they drove to the area. When they arrived in the area, they saw Sergeant Jones. Gorman and Berggren got out of their car to help Jones in his search. As Gorman was looking, the suspect jumped a fence fifteen to twenty feet from where he was standing. Gorman identified defendant as the person he saw jump the fence. Gorman ordered defendant not to move, but defendant ran. The officers chased defendant, but were unable to apprehend him.
Gorman, with other officers, then proceeded to defendant's home. The officers knocked on the door, but no one answered. Later that day, a search warrant was obtained for defendant's residence and defendant was arrested at his residence. At the time of his arrest, defendant was wearing the same shorts he had been wearing during the chase.

DISCUSSION
In his sole assignment of error on appeal, defendant argues that the May 8, *1169 2000 sentence imposed by the trial court is unconstitutionally excessive. Defendant does not contest the validity of his conviction for simple burglary.
As noted above, the sentence imposed by the trial court on May 8, 2000 for defendant's simple burglary conviction was vacated, and defendant was re-sentenced as a multiple offender by the trial court on October 6, 2000. Because defendant's sole assignment of error on appeal is that he received an excessive sentence as a result of his simple burglary conviction, a sentence which has been subsequently vacated by the trial court after finding defendant to be a multiple offender, defendant's sole argument on appeal is moot.
We have further reviewed the record for errors patent pursuant to La.C.Cr.P. art. 920, and having found none, affirm defendant's conviction for simple burglary. Any claims defendant may have regarding the finding that he is a multiple offender, which occurred after defendant's May 8, 2000 sentence, will be addressed in defendant's separate, pending appeal.
AFFIRMED.