| JAMES L. CANNELLA, Judge.
The Defendant, Kevin Hardan a/k/a Theodore Harden, appeals his five year sentence after being convicted of second degree battery.
The Defendant was charged by bill of information on April 4, 2003 with aggravated battery, a violation of La.R.S. 14:34. He was arraigned on April 7, 2003 and pled not guilty. The Defendant was subsequently tried by a six-person jury on October 27 and 28, 2003. The jury returned a verdict of guilty of the lesser included offense of second degree battery, La.R.S. 14:34.1. On December 11, 2003, the Defendant was sentenced to five years imprisonment at hard labor. He orally moved for an appeal and filed a written Motion for Appeal on December 11, 2003, which was granted.
On February 4, 2004, the State filed a habitual offender bill of information, alleging the Defendant to be a second felony offender. On March 11, 2004, the Defendant admitted to the allegations in the habitual offender bill of information. The trial judge vacated the Defendant’s original sentence, and re-sentenced him to the enhanced sentence of six years imprisonment at hard labor without benefit of probation or suspension of sentence. The Defendant’s habitual offender finding and sentence are not before this Court because they occurred after this appeal was | ¡¿instituted.
Darryl Jordan, a cross-country truck driver, testified that he met with co-workers Darryl Webb (Webb) and William Childs (Childs) on the afternoon of February 22, 2003. The three men had completed their work for the week and decided to have some beers together at an establishment located on Helen Street, near the intersection of Causeway Boulevard and Jefferson Highway in Jefferson Parish. The men arrived at about 3:00 p.m. They *627 were joined 20 to' 30 minutes later by another acquaintance named Lonnie. During this time, the Defendant walked past the group then returned indicating that he thought he knew Webb. Webb said “no.” The Defendant then began complaining about how bad his life was and Jordan, not wanting to hear the Defendant’s conversation, walked away. Jordan testified that he did not know the Defendant. Webb thought that Lonnie knew the Defendant because they were friendly to each other.
As Jordan walked away from the group, the Defendant became angry. He accused Jordan of having a “problem” with him and “attitude.” The Defendant drew very close to Jordan and Jordan began to feel threatened. He pushed the Defendant away from him. At that point, both men fell to the ground. Jordan got up and walked toward his pickup truck, which was parked nearby. The Defendant followed. He stood on the passenger side of the truck offering Jordan his hand to shake as friends. Jordan refused. The Defendant came around the truck, reached into his pocket and drew out a knife. As he lunged at Jordan, Jordan yelled that the Defendant had a knife and attempted to run. Jordan tripped and fell. The Defendant stabbed him in the lower back. Jordan testified that he got up, crossed the highway and asked for help from the clerk in a gun shop. The man refused. Jordan left the store. When he saw a police cruiser traveling his direction, he flagged it down.
14Webb testified that the Defendant seemed to panic after he stabbed Jordan. Webb said that the Defendant attempted to leave the area, moving in Webb’s direction. Webb tried to stop the Defendant from leaving the scene, but the Defendant slashed at him with the knife. Webb then pulled out his knife and waved it at the Defendant in order to prevent him from fleeing. The two slashed at each other until the police cruiser drove up. The two did not injure each other. Webb further stated that Jordan walked across the street to a gun shop. Childs testified that he and Jordan called the police using Jordan’s cellular telephone.
Deputy Ed Manix of the Jefferson Parish Sheriffs Office testified that he responded to the report of an aggravated battery. When he arrived at the scene, Jordan and others identified the Defendant as the perpetrator. At that point, the Defendant saw Deputy Manix, who observed the Defendant throw a knife under a pickup truck. This act, coupled with the witnesses’ accusations, prompted Deputy Manix to immediately attempt to handcuff the Defendant. The Defendant resisted violently, kicking Deputy Manix and spitting. The Deputy was eventually able to restrain the Defendant and place him in his police car. Deputy Manix inspected Jordan and saw that he had sustained a one-half to three-quarter inch laceration to the lower back, indicating that the victim had his back turned to the Defendant. Based on his experience, he stated that such wounds can be very serious.
Herman Eicke (Eicke), the gun shop clerk, was called as a defense witness. He testified that Jordan entered the store, bleeding from his back, and asked to borrow a gun so that he could “finish” the altercation. Eicke further testified that he refused to give Jordan a gun, but that he offered to call an ambulance. He claimed that Jordan refused Eicke’s offer of help before leaving the store.
On appeal, the Defendant asserts that trial counsel was ineffective at the sentencing hearing by failing to object to or file a motion to reconsider sentence in response to the unjustified imposition of the maximum penalty, for failing to offer *628 _[¿mitigating circumstances at the sentencing hearing, and for failing to request a pre-sentence investigation report. The Defendant also contends that the maximum sentence of five (5) years is unconstitutionally excessive and was imposed without regard to the sentencing guidelines.[1]
As noted above, the five-year sentence imposed by the trial court on December 11, 2003 was vacated on March 11, 2004 and afterward the enhanced sentence was imposed. Because the Defendant’s sole assigned error concerns a sentence that is no longer in effect, we have nothing to review and his arguments are moot as to that sentence. Any claims defendant might have regarding his habitual offender sentencing must be addressed in a separate appeal. See, State v. Gilbert, 99-2238 (La.2/4/00), 758 So.2d 779 (per curiam); State v. Parker, 00-1365, pp. 4-5 (La.App. 5th Cir.1/30/01), 778 So.2d 1167, 1168-1169, writ denied, 01-0615 (La.2/22/02), 809 So.2d 981.

ERRORS PATENT

The record was reviewed for patent errors, in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Perrilloux, 99-1314 (La. App. 5th Cir.5/17/00), 762 So.2d 198. We find one patent error requiring action by this Court.
The commitment incorrectly reflects that the jury found the Defendant guilty of aggravated battery, when he was actually found guilty of second degree battery. We will remand the case to the trial court with instructions to amend the commitment to correctly reflect the conviction.[2]
Accordingly, the Defendant’s conviction is affirmed. The appeal relative to the original sentence is moot.
CONVICTION AFFIRMED; SENTENCE ISSUE MOOT.

. The Defendant does not contest his conviction of second degree battery.

. We note that the trial judge failed to advise the Defendant of the prescriptive period to file an application for post-conviction relief, in accordance with La.C.Cr.P. art. 930.8. However, the issue is moot since the Defendant's sentence was vacated in conjunction with the subsequent habitual offender proceedings.