| {.WALTER J. ROTHSCHILD, Judge.

STATEMENT OF THE CASE

On January 27, 2003, the Jefferson Parish District Attorney’s Office filed a bill of information charging the defendant, Flossie Williams, with theft of goods valued between $100 and $500, a violation of LSA-R.S. 14:67.10. The defendant was arraigned on January 28, 2003, and pled not guilty. On January 29, 2003, the defendant filed an omnibus motion.[1] On July 29, 2003, before trial on the same day, the trial court held a hearing on the Motion to Suppress Identification and denied the motion.
The defendant was tried by a six-member jury on July 29, 2003, and the jury returned a verdict of guilty as charged. On August 7, 2003, the trial court sentenced the defendant to two years at hard labor with credit for time served. On the same day, the State orally noted its intent to file a multiple bill, and the defendant noted her intent to file an appeal. On August 8, 2003, the defendant |3filed a Motion to Reconsider Sentence, which was denied by the trial court on September 4, 2003.
The State filed a multiple offender bill of .information on August 7, 2003, alleging the defendant to be a fourth felony offender. On May 13, 2004, after a hearing on the multiple offender bill, the trial court vacated its original sentence and re-sentenced the defendant to four years at hard labor *36 with credit for time served.[2] The trial court ordered the sentence to be served without benefit of probation or suspension of sentence. The defendant’s habitual offender finding and sentence are not before this Court in the present appeal, since they occurred after this appeal was instituted.

FACTS

Janelle Ogden testified that on January 13, 2003, she was working as a cashier/manager at Academy Sports on the Westbank Expressway in Jefferson Parish. Ogden testified that she was at the service desk located in the front of the store when she saw a person, whom she later identified as the defendant, put some watches into a metal pot that she was holding. She then started coming toward the front doors. The defendant had to pass the cash registers to get to the entrance door, but she did not try to pay for the items. Ogden called her manager to come to the front of the store. She also called the police and gave them a description of the defendant.
The defendant tried to exit through the entrance door, but it would not open from the inside of the store. She then left the store through the exit door and was stopped in the foyer by the manager and Ogden. She had the store property with her, so Ogden asked the defendant if she wanted to pay for the items. The defendant replied that she was waiting for someone to come in the store. Soon |4afterwards, she dropped the pot and ran out the door. The defendant ran out to the right of the building in the direction of Casey Jones Supermarket, wearing a blue coat with a “black patch or something” on the sleeves and a pair of shoes that were store property.
Within approximately two minutes, the police apprehended the defendant and brought her back to Academy Sports, where Ogden identified her. Ogden testified that there was no doubt in her mind that she was the same person whom she observed in the store, confronted in the store, and who ran from the store. She also identified the defendant in court as same person. Ogden reviewed State’s Exhibits One through Nine, which show the items taken by the defendant. She testified that the value of the property taken by the defendant totaled over $400.
Sergeant J.R. Rogers of the Gretna Police Department testified that, on January 13, 2003, he was working a special assignment or “detail” at Westside Shopping Center in which Academy Sporting Goods is located. He heard a call for service on his police radio involving shoplifting at Academy Sports. The person was described as a black female wearing a green, black and tan jacket and tan pants running toward Casey Jones. He found the person, whom he later identified as the defendant, running toward Casey Jones Supermarket. As the defendant put her hands on Sgt. Rogers’ car, Detective Wayne Williams arrived to take over the scene. Sgt. Rogers made an in-court identification of the defendant as the person whom he stopped.
Detective Wayne Williams of the Gretna Police Department testified that, on January 13, 2003, he responded to a service call involving a shoplifting from Academy Sporting Goods. The person involved was *37 described as a black female wearing tan pants and a green, black and tan jacket, a winter jacket, fleeing west from the store toward Casey Jones. When he reached the location, he saw that Sgt. Rogers had someone stopped by his vehicle who fit the description. Detective |sWilliams placed the person, whom he later identified as the defendant, in the rear of his police unit and took her to Academy Sports, where Ogden positively identified her as the person who had just run from the store.
Detective Williams placed the defendant under arrest, and he handcuffed and searched her. The search revealed that the defendant had no money, but was wearing a brand new pair of shoes and a jacket, and had a similar jacket stuffed underneath the one she was wearing. According to Ogden, the shoes and jackets belonged to Academy Sports. Detective Williams testified that the total value of the stolen goods, including the items that she left at the door, was approximately $485. Detective Williams made an in-court identification of the defendant as the person whom he apprehended and brought back to the store, where she was positively identified.

DISCUSSION

In her sole assignment of error, the defendant argues that the trial court erred when it imposed the maximum sentence, because it is unconstitutionally excessive. The defendant does not challenge the validity of her conviction for theft of goods valued over $100 but less than $500.
The defendant was originally sentenced to two years at hard labor with credit for time served. LSA-R.S. 14:67.10(B)(2). The trial court stated that it was imposing the maximum sentence.[3] On May 18, 2004, after a hearing on the multiple offender bill, the trial court vacated its original sentence and re-sentenced the defendant to four years at hard labor.
The defendant’s only argument on appeal is that her two-year sentence is excessive. However, this sentence was vacated by the trial court after the defendant was found to be a multiple offender. Accordingly, the defendant’s sole 1 fiassignment of error is moot. Any claims involving the defendant’s habitual offender sentencing must be addressed in a separate appeal. See State v. Parker, 00-1365, (La.App. 5 Cir. 1/30/01), 778 So.2d 1167, 1168-69, unit denied, 01-0615 (La.2/22/02), 809 So.2d 981.
The defendant requests an error patent review. Accordingly, the record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review of the record did not reveal any errors patent that require corrective action by this Court.

DECREE

For the reasons set forth above, we affirm the defendant’s conviction for theft of goods having a value of $100 or more, but less than $500. We did not consider the defendant’s argument that her original two-year sentence was excessive, because this sentence has been vacated, and this argument is now moot.

AFFIRMED.

. The omnibus motion included a motion to suppress confession, identification and physical evidence, a motion for discovery and inspection, and a motion for preliminary examination.

. The record was supplemented with the habitual offender commitment, which indicates that the defendant was sentenced under the multiple bill statute, LSA-R.S. 15:529.1, but it does not contain a transcript of the multiple offender proceedings and it does not indicate whether the defendant was sentenced as a second or third offender. However, the commitment indicates that the State struck one of the prior offenses from the multiple bill. Accordingly, it appears that the defendant was sentenced as a third felony offender.

. LSA-R.S. 14:67.10(B)(2) states in pertinent part: "When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years or may be fined not more than two thousand dollars, or both.” Accordingly, the maximum sentence would actually have been a sentence of two years and a fine of $2000.