laCLARENCE E. McMANUS, Judge.
The defendant, Paul Riggins, was convicted of possession of cocaine, a violation of LSA-R.S. 40:967(C), and sentenced to three years at hard labor with credit for time served. Defendant’s motion for appeal was granted.
Thereafter, multiple offender proceedings were initiated. After the hearing on the multiple offender bill, the trial court vacated its original sentence and re-sentenced the defendant to three years and six months at hard labor with credit for time served. The sentence was to be served without benefit of probation or suspension of sentence. The defendant’s habitual offender finding and sentence are not before this Court in the present appeal, since they occurred after this appeal was instituted.
The following was presented at trial. Officer Brent Donovan of the Kenner Police Department testified that, on the night of March 4, 1999, he observed the search of a man at Kenner Lockup in Jefferson Parish, whom he later identified in court as the defendant, Paul Riggins. The defendant was being booked on an unrelated charge, and Donovan observed Officer Warlaw perform a detailed inventory search of the defendant’s personal property. The search of the ^defendant’s right side jacket pocket produced a cigarette and an open pack of cigarettes. Two off-white rocklike substances fell from the *43 pack when it was turned over. He identified State’s Exhibit One as the pack of cigarettes with two off-white rocklike substances.
Detective John Louis of the Kenner Police Department testified that he was on call as a narcotics detective on March 4, 1999, when he responded to a call from the Kenner lockup. Upon his arrival, Officer Warlaw gave him a cigarette pack containing two off-white rocklike substances. A field test of the off-white rocklike substance showed positive signs of crack cocaine, which was 99.9 percent accurate. Officer Louis identified State’s Exhibit One as the Kenner Police Department chain of custody sheet and the bag he sealed and dated, containing one pack of cigarettes and two off-white rocklike substances weighing one gram, which were given to him by Officer Warlaw.
The defendant testified that he was in Kenner lockup on the evening of March 4, 1999, but that he was not wearing a jacket, did not have cocaine on his person, and did not remember seeing Officer Donovan. He claimed that he had never possessed or used cocaine, nor been convicted of a drug related offense.
Defendant argues in this appeal that the trial court imposed an excessive sentence. Specifically, the defendant alleges that his sentence of three years at hard labor is excessive for the non-violent crime of possession of cocaine. Further, that the trial court erred in not articulating a reasonable factual basis for his sentence. La.C.Cr.P. art. 894.1.
The record reflects that the defendant was originally sentenced to three years at hard labor with credit for time served under La. R.S. 40:967(C). On April 14, 2004, after the hearing on the multiple offender bill, the trial court vacated its original sentence and re-sentenced the defendant. Thus, the defendant’s argument is moot, because it concerns the defendant’s original sentence that has been | ¿vacated. Furthermore, any claims involving the defendant’s habitual offender sentencing must be addressed in a separate appeal. See, State v. Gilbert, 99-2338 (La.2/4/00), 758 So.2d 779 (per curiam); State v. Parker, 00-1365, pp. 4-5 (La.App. 5 Cir. 1/30/01), 778 So.2d 1167, 1168-69, writ denied, 01-0615 (La.2/22/02), 809 So.2d 981.
Defendant also requests a review of the record for all errors patent. We have reviewed the record for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990), and find none which warrant consideration.
Accordingly, defendant’s conviction is affirmed. We do not address defendant’s sentence pursuant to the multiple bill, as that is not before this Court at this time.

AFFIRMED.