Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,163-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

ANDRE BELL                                  Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 354,005

Honorable Katherine Clark Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Mary Constance Hanes

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

JASON WAYNE WALTMAN
CHARLES KENNETH PARR
Assistant District Attorneys

* * * * *

Before STEPHENS, McCALLUM, and THOMPSON, JJ.

**STEPHENS, J.**

The defendant, Andre Bell, was originally charged by bill of information with two counts: simple robbery and attempted first degree murder. The bill of information subsequently was amended to change the second count to aggravated assault with a motor vehicle upon a peace officer, a violation of La. R.S. 14:37.6. After a jury trial, a mistrial was ruled on the simple robbery charge, but Bell was convicted of aggravated assault upon a peace officer. He was subsequently sentenced to serve 10 years' imprisonment at hard labor with credit for time served, which he argues on appeal is excessive. The following evidence was adduced at Bell's trial.

On the evening of Friday, November 24, 2017, Cindy Gandy was a patron at the Sam's Town Casino in Shreveport, Louisiana. She was playing a video poker game, and a young man approached her, asking if she objected to his watching. The man was subsequently identified as Andre Bell. He stood behind her while they conversed, with Gandy continuing to play video poker. Gandy testified she had previously won a $1,200 jackpot and was holding the payout in her hand. She testified at trial that Bell did not smell of alcohol, and she never thought he was slurring his words or acting intoxicated. At some point, Bell snatched some of Gandy's cash and ran away. When she saw a security officer, Gandy called for help.

At trial, Gary Thomas, an employee of Sam's Town Casino, testified he was in charge of the risk, safety, and security of the casino. Thomas confirmed he was aware of a "snatch and grab" incident in November 2017 that occurred on the casino floor—he heard the radio call that an incident had occurred. Knowing the direction the perpetrator was heading, Thomas

ran toward the garage. He heard a police officer yelling his rank and several commands, "stop, police, stop, police," after which Thomas saw a vehicle accelerate toward the direction of the two officers. Thomas heard numerous gunshots, and the vehicle left the garage.

Michael Hall also testified at trial that on November 24 he was employed as "security lead" at Sam's Town Casino, which meant he was a supervisor over 11 security officers. Hall heard the call on the radio that an African American male dressed in white and black athletic clothing had taken a ticket or money from a patron on the casino floor. Shortly after receiving the call, he saw someone matching the description, *i.e.*, Bell. Hall stopped Bell and attempted to question him, but Bell ran out of the casino. Hall pursued him, by that time along with Shreveport Police Department ("SPD") officers, and Bell ran into the garage. When Hall was at the exit of the garage, the SPD officers were yelling at Bell, now in a vehicle, to stop; however, Bell increased his speed.

Sergeant Danny Duddy, an off-duty SPD officer working as security for the casino, received a radio transmission that a robbery suspect was fleeing from the casino. Sergeant Duddy positioned himself at the bottom of the ramp with his weapon drawn. Sergeant William Vincent, another off-duty SPD officer working as security for the casino, was also in the parking garage. Sergeant Vincent was located closer toward the entrance of the garage, while Sgt. Duddy was farther up the ramp.

As Bell travelled down the ramp and toward the exit, Sgt. Duddy moved toward the center of the ramp and into the path of Bell. Bell's vehicle made a slight motion to the left, toward Sgt. Duddy—this action of driving toward the officer underlies the charge of aggravated assault. Bell

2

then continued down the ramp and toward the exit. Sergeant Duddy fired 11 shots at Bell's vehicle as it exited the garage, and one of the shots hit Bell's shoulder. Bell's vehicle exited the parking garage, turned right onto Fannin Street, and spun out of control. Bell regained control of the vehicle and continued down the street; he subsequently ran a red light, causing a collision. The activity in the casino garage was captured on the casino's video security cameras.

At the conclusion of evidence and closing arguments, the jury retired to deliberate. As it could not reach a unanimous verdict for the simple robbery charge, the trial court ruled a mistrial on that charge. The jury did, however, find Bell guilty of aggravated assault with a motor vehicle on a peace officer. Bell filed a motion for post-verdict judgment of acquittal, arguing that the state failed to prove beyond a reasonable doubt that he committed the crime for which he was convicted. The motion was subsequently denied in open court.

On December 12, 2018, Bell appeared for sentencing, whereupon he was sentenced to 10 years' imprisonment at hard labor, with credit for time served. Bell was also sentenced to pay $150 to the Indigent Defender's Office. In imposing sentence, the trial court found all subparagraphs of La. C. Cr. P. art. 894.1(A) applied to Bell and articulated specific reasons for the sentence. The court found no mitigating circumstances were applicable to this case. The court stated that the maximum sentence was being imposed because "of the facts of this case and the totality of the circumstances and the total disregard for human life demonstrated by Mr. Bell on the night of that offense."

Bell filed an untimely motion to reconsider sentence on January 28, 2019, wherein he argued the aggravating factors stated by the trial court were inadequate to support the severity of the sentence imposed. Bell asserted the trial court improperly considered additional reasons as aggravating factors during sentencing, and the court failed to consider all mitigating circumstances. Bell maintained his sentence was unconstitutionally excessive, and a lesser sentence would not deprecate the seriousness of the offense. On March 3, 2019, the trial court ruled the sentence was not excessive, and Bell's actions placed "a number of people in harm's way, including at least two police officers." Thus, the motion to reconsider sentence was denied. This appeal followed.

On appeal, Bell presents only one assignment of error, arguing his 10-year maximum sentence is constitutionally excessive, primarily because the trial court failed to consider his intoxication as a mitigating factor. He contends that while intoxication was not used as a defense to the crime, intoxication to any degree can be treated as a mitigating factor under La. C. Cr. P. art. 894.1(B)(25) and (33).

As stated, the record reflects Bell was sentenced on December 12, 2018, to 10 years' imprisonment at hard labor, with credit for time served, as well as an order to pay $150 to the Indigent Defender's Office through inmate banking. The record also reflects on January 28, 2019, the state filed a habitual offender bill of information, alleging Bell was a third felony offender as set forth in La. R.S. 15:529.1. Bell's motion to appeal, made in connection with his preceding conviction and sentence, was filed on April 30, 2019, resulting in this subject appeal. A motion for designation of the record was filed the same date, requesting the appeal record contain all

4

minutes of the trial court. Initially, there was no further indication in the appeal record regarding the habitual offender proceedings against Bell.

However, pursuant to supplements to the appeal record made by both Bell and the state, we note on September 18, 2019, the trial court minutes reflect that for reasons orally assigned, Bell was adjudicated a third felony habitual offender. The case was set for resentencing. On September 20, 2019, the trial court vacated Bell's original sentence (notably, already properly appealed by Bell) and resentenced him as a habitual offender to 15 years' imprisonment at hard labor. Thus, Bell's argument regarding his original sentence is moot, because that sentence has been vacated by the trial court and is no longer an issue.[1] *See, State v. White,* 2018-1312 (La. App. 1 Cir. 4/12/19), 276 So. 3d 166, *writ denied,* 2019-00805 (La. 9/24/19), 278 So. 3d 977*; State v. Riggins,* 04-60 (La. App. 5 Cir. 9/28/04), 885 So. 2d 42; *see also, State v. Keys*, 29,369 (La. App. 2 Cir. 5/7/97), 694 So. 2d 1107, *writs denied*, 1997-1387, 1997-1497 (La. 10/31/97), 703 So. 2d 21 (where the trial court vacated defendant's initial sentence "before sentencing him as a habitual offender . . . any issues relating to that sentence are moot.").

Accordingly, Bell's conviction is affirmed. We will not consider his original sentence made subject of this appeal because it was vacated by the trial court, rendering it moot on appeal. An error patent review of the appellate record has been conducted, and no errors patent were found.

---

[1] As noted, Bell's appeal was granted and lodged prior to the habitual offender hearing and adjudication. This court is authorized under La. C. C. P. art. 914.1(D) to designate additional portions of the proceedings below, as supplemented by the parties, before concluding that Bell's appeal of the original sentence is moot. *See State v. Gilbert*, 1999-2338 (La. 2/4/00), 758 So. 2d 779, 780 (*per curiam*).

Finally, we do not address Bell's enhanced sentence pursuant to the habitual offender adjudication, as it is not currently before us.

**CONVICTION AFFIRMED.**